## Chase v. Foster, Garnishee.

1. GARNISHEE DISMISSED. A garnishee, upon making his answer, may move to be discharged.
2. NOTICE. The garnishee's answer brings him into court, and after it is made and before it is disposed of, he must take notice, as a party to an action, of every thing that is done.
3. SAME: CHANGE OF VENUE. Where the garnishee appeared and answered the general interrogatories, and at the next term the venue was changed on plaintiff's motion, to another county, when a replication, setting up new matter, was filed, to which there was no rejoinder (no further notice having been given to the garnishee;) *Held,* that the garnishee was in default, and that as he did not object in the court below, he cannot in this court.

*Appeal from Des Moines District Court.*

MONDAY, OCTOBER 24.

*C. Ben Darwin*, for the appellant.

No appearance for the appellee.

WOODWARD, J.—The plaintiff sued the Philadelphia, Fort Wayne and Platte River Air Line Railroad Company, in the county of Louisa, by attachment, and summoned C. Foster as garnishee.

Foster was served on the 24th November, 1857, and made answer in court on the 11th December. There was no or-

der taken and no issue joined on the answer at that term. On the 24th March, 1858, on motion of plaintiff, the venue of the cause was changed to Des Moines county, and on the 7th May, 1858, the plaintiff filed a replication to the answer of Foster, intending to take issue thereon. The answer had been to the general interrogatories only, and he had said that he was not indebted to the plaintiff. The reply taking issue, averred that Foster had subscribed for five shares of the capital stock of said company, and thereby became indebted to them in the sum of five hundred dollars, which plaintiff alleged to be unpaid and due. No further notice of this issue was given to Foster, and it was tried at the same term, May 1858, and a verdict found against him. Afterward, Foster, by his counsel, moved that the judgment be set aside and for a new trial, which was overruled.

Upon the filing of the answer of the garnishee, he might have moved to be discharged, and this would have led to some action upon the answer, upon the plaintiff's part. But until the answer is disposed of, it is the opinion of this court that it was the duty of Foster to take notice of what was done in the case, the same as a party, and to follow it. Being in default in this respect, and not objecting to the issue formed upon the answer, in the court below, he cannot do it here. Admitting that he could have successfully objected to the issue in the District Court, it does not follow that he can do the same in the first instance upon appeal.

The judgment of the District Court is affirmed.