42  371
102  259

WESTPHAL, HINDS & CO. v. CLARK ET AL.

1. **Garnishment:** ATTENDANCE AS WITNESS: FEES. A garnishee is not compelled to appear and answer unless he is tendered the fees and mileage to which a witness would be entitled.

2. ———: TENDER OF FEES. By a failure to be tendered his fees the garnishee is released from the obligation to appear and answer, and is not liable to a judgment for the sum recovered by the plaintiff in the principal action; but he is not thereby discharged from the obligation to retain in his possession all the property of the defendant under his control, and to withhold payment of any sum he may owe him.

3. ———: ———: ———. If the fees were not tendered with the first summons, the attendance of the garnishee may be procured at a subsequent term by another notice, fully complying with the requirements of the statute.

4. ———: ANSWER OF GARNISHEE: ATTENDANCE. The plaintiff has the option to direct the sheriff to take the answer of the garnishee, or to require his attendance in the court where the principal action is pending, without regard to the distance of the latter from the place of notice.

5. ———: CHANGE OF VENUE. A garnishee occupies the relation of defendant to the principal action, and like the defendant therein may take a change of venue. When either of the parties has procured a transfer of the cause, it will, nevertheless, proceed against the garnishee in the court where it was commenced.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, MARCH 22.

ON the first of June, 1874, plaintiffs commenced an action against David Clark in the Dubuque Circuit Court, and procured the issuance of a writ of attachment.

On the 12th day of June, 1874, J. F. Brown, as receiver of Clark & Morgan, was attached as garnishee at Waverly, in Bremer county, and he was notified that he was required to appear at the next term of the Dubuque County Circuit Court, on the 7th day of September, 1874, and answer such interrogatories as might be propounded. The garnishee demanded his fees, which were not paid.

The defendant, Clark, appeared in the Dubuque Circuit Court and filed his answer, and upon his application the venue was changed to the Buchanan Circuit Court. The principal cause was tried in the Buchanan Circuit Court November 10, 1874, and judgment was rendered against David Clark for the sum of $1,171.65, and $11.55 costs. A transcript of this judgment was duly filed in the office of the clerk of the Dubuque Circuit Court.

On the 6th day of January, 1875, the Circuit Court of Dubuque county appointed J. C. Longueville a referee to take the answer of J. F. Brown, the garnishee.

On the 19th day of March, 1875, a notice was duly served upon the garnishee, at Washington township, in Bremer county, requiring him to appear before the referee at his office, corner of Main and Sixth streets, Sullivan block, Dubuque city, on the 24th day of March, 1875, at 9 o'clock A. M., and make answer. A tender of $12.50, as fees for his attendance, was made to the garnishee, which he refused to accept.

On the 5th day of April, 1875, the referee filed in the Dubuque Circuit Court his report, stating that at the time and place set for taking the answer of the garnishee, he called the garnishee three times, but he failed to appear, either in person or by counsel, and that plaintiffs appeared by their attorney, Louis Fockler.

On the 21st day of April, 1875, the plaintiffs moved the court to confirm the report of the referee, to enter a default against J. F. Brown, receiver, and to render judgment against him for the amount of the judgment and costs recovered against Clark.

The court overruled this motion for the following reasons: "That the party garnished having demanded his fees at the time of the original service, which were not paid, and the term of court having passed to which he was to answer, said garnishee was not liable to be summoned subsequently to answer the same; and, further, for the reason that the garnishee could not be required to come more than seventy miles to answer, and Waverly was over one hundred miles."

Plaintiffs excepted to this ruling, and they appeal.

*Louis Fockler* and *Austin Adams*, for appellants.

*Boies, Allen & Couch*, for appellees.

DAY, J.—I. The court held that because the fees of the garnishee, demanded at the time of the original summons, were not paid, and the term of court had passed at which he was to answer, he was not liable to be summoned subsequently to answer the same. This ruling was erroneous. The attachment by garnishment is effected by informing the supposed debtor, or person holding the property, that he is attached as garnishee, and by leaving with him a written notice to the effect that he is required not to pay any debt due by him to the defendant, or thereafter to become due, and that he must retain possession of all property of said defendant then or thereafter being in his custody or under his control. Unless the plaintiff in writing directs the sheriff to take the answer of the garnishee, the notice must require the garnishee to appear on the first day of the term of the court wherein the main cause is pending, and answer such interrogatories as may then be propounded, or that he will be liable to pay the entire judgment which the plaintiff eventually obtains against the defendant. Code, sections 2975, 2979 and 2980. When this notice is served the supposed debtor is garnished, and from that time he pays any debt due the defendant, and disposes of any property in his possession belonging to the defendant, at the peril of being again called upon to account for the same to the plaintiff. True, where the garnishee is required to appear at court, he is entitled to the pay and mileage of a witness, and may, in like manner, require payment beforehand in order to be made liable for non-attendance. Code, § 2983.

1. GARNISH-MENT: witness: fees.

But the only effect of a failure to tender the garnishee his fees when demanded is, that a failure to attend does not render him liable to a judgment for whatever sum the plaintiff in the principal action recovers of the defendant. He is not thereby discharged of his obliga-

2. ——: tender of fees.

tion to retain in his possession all property of the defendant, and not to pay him any debt which he may owe him.

There must be some means of rendering this obligation availing to the plaintiff, and if, for any cause, he has failed to

3. ——: ——: place the garnishee in a position to demand his —— answer at the next term of court, or to render him liable for his failure to answer, it must be competent for the plaintiff, by further notice, to require him to appear and answer at a subsequent term of court. There is no reason why the mere lapse of the term at which the garnishee was originally notified to answer should deprive the plaintiff of his right to the answer of the garnishee, or of the benefits intended to be secured by the garnishment process.

II. The court also held that the garnishee could not be required to come more than seventy miles to answer. This

4. ——: holding, also, was erroneous. Witnesses in civil
answer of cases cannot be compelled to attend the District
garnishee: or Circuit Courts at a distance of more than
attendance. seventy miles from the place of their residence, or from that where they are served with a subpœna. Code, Sec. 3673. The court seems to have applied the benefits of the provisions of this section to the garnishee. A garnishee is not merely a witness. He is a party whom the plaintiff seeks to hold liable on account of property which he may have of defendant, or of debts which he may owe him. When it is ascertained that the garnishee is indebted to the defendant, or has the defendant's property in his hands, judgment is to be entered against him. Code, Sec. 2988. True, the garnishee is entitled to the pay and mileage of a witness, when he is required to attend and answer at court. But this is because he is supposed to be indifferent between the parties, and ready to account to either as the court may direct. Hence, if the garnishee has refused to answer the questions propounded by the sheriff, he is not entitled to fees. Code, Sec. 2983. We know of no principle upon which the garnishee can be exempted from going more than seventy miles to answer. Attachments may be issued from courts of record to different counties, and several may, at the option of the plaintiff, be issued at the same time.

Code, Sec. 2962. No limit is placed upon the distance to which they may be sent. The plaintiff has the option to direct the sheriff to take the answers of the garnishee, or to require him to appear and answer at court. And if the sheriff is directed to take the answers, and the garnishee refuses to answer fully, he must then be notified to appear and answer at court. It follows, of necessity, from these provisions, that wherever the garnishee is served, he may be required to appear and answer at the court wherein the main cause is pending.

III. Appellees' counsel seem to concede that the court was in error in refusing to enter judgment against the garnishee for the reasons stated, and they rely solely upon *change of venue.* the proposition that, after the change of venue in the main cause, the Circuit Court for Dubuque county had no further jurisdiction over the garnishment proceedings. Sec. 2594 of the Code provides that "if less than all of several plaintiffs or defendants take such change, * * * * * * as to those who take no change the cause shall proceed as though none had been taken." It is claimed that the garnishee was neither a plaintiff nor defendant, and that this section is not applicable to him.

We think that he does stand to the case in the attitude of a defendant. It is true he does not enter into the controversy as to whether or not the defendant proper owes the plaintiff; but he is in an attitude that may justify the rendition of a judgment against him. It is difficult to see how he can be in this position without being a party to the suit. The plaintiff may controvert the answer of the garnishee, and issue may be joined, and the same tried in the usual way. Code, Sec. 2988. The docketing of the original case shall contain a statement of all the garnishments therein, and when judgment is rendered against the garnishee, the same shall distinctly refer to the original judgment. Code, Sec. 2992. If the garnishee should be satisfied that he could not obtain a fair trial in the county wherein the main cause is tried, and should make the proper showing, it would not, we apprehend, be claimed that

he would not be entitled to a change of venue. But how could he have a change of venue if he is not a party?

It is claimed that, at the time the venue was changed, the garnishee had not been served in such manner as to bring him into court. But such proceedings had been had as justified and required the docketing of the original cause to show that he had been attached as a garnishee. He thereby became a party, and, as he did not apply for a change of venue, under Sec. 2594, the cause proceeds against him as though no change had been taken. When the case of *Chase v. Foster*, 9 Iowa, 429, cited and relied upon by appellee, was decided, there was, as is conceded, no such provision as that quoted from Sec. 2594 of the Code.

The judgment must be reversed and the cause remanded, with directions to enter a default and render a judgment against the garnishee for want of an answer.

REVERSED.

ADAMS, J., having been of counsel, took no part in this case.