## SCAMAHORN v. SCOTT ET AL.

· 1. **Practice:** GARNISHMENT: JUDGMENT BY DEFAULT. Where a garnishee was required to make his answer more specific, and upon failure to do so judgment was rendered against him by default, it was *held* that a motion to set aside the default should have been made at the same term the default was entered.

2. ——: ——: SUSPENSION OF EXECUTION. It was error for the court, after the garnishee had *appeared* and judgment for default was rendered for failure to comply with the order of court, to suspend execution and give the garnishee time to answer.

*Appeal from Wapello Circuit Court.*

FRIDAY, MARCH 24.

THE plaintiff recovered judgment against the defendant, Scott, and thereon garnished the C., B. & Q. R. Co. A judgment was rendered against the garnishee, from which plaintiff appeals. The facts of the case appear in the opinion.

*John B. Ennis* and *O. M. Ladd,* for appellant.

*Stiles & Burton,* for appellee.

BECK, J.—After the service of the garnishment process the garnishee filed an answer denying indebtedness to the defendant. Upon motion of plaintiff the garnishee was required to answer more specifically upon certain matters and points pertaining to its transactions with and indebtedness to the defendant. The proceedings thus far were had in the District Court, wherein judgment had been rendered in the case in favor of plaintiff. After these proceedings, the cause was, by consent, transferred to the Circuit Court. At the next term of the Circuit Court the garnishee had one week in which to amend its answer. Subsequently a default was entered against the garnishee for failure to further answer. At the following term the garnishee moved to set aside the default on the ground that, prior thereto, the papers in the case had not been placed on file in the court, and were mislaid or lost,

and had never been submitted to the court, and that the garnishee had never been called upon to answer the plaintiff in the Circuit Court, and was ready to answer at any time. Thereupon on the same day plaintiff moved for judgment upon the default. The court entered judgment upon the default and extended sixty days' time to the garnishee to show cause for setting aside the default and for filing the answer required in the case. A referee was appointed to take the garnishee's answer, and execution on the judgment was suspended for sixty days. From this judgment plaintiff appeals.

I. The judgment by default against the garnishee was not rendered on the ground that it had failed to appear and answer to the garnishee process, as contemplated by Code, §§ 2984, 2985, but on the ground of its default in failing to answer in pursuance of an order of the court, under § 2869. Motions to set aside defaults intended in this section must be made at the term at which they were taken. § 2871. The court, therefore, erred in entertaining the motion at a time subsequent to the one at which the default was entered. The order made, staying execution and giving the garnishee time to answer with a view to set aside the default upon the motion after the coming in of an answer, is erroneous.

*1. PRACTICE: garnishment: judgment by default.*

II. A garnishee, "for mere failure to appear, is not liable to pay the amount of plaintiff's judgment, unless he has had an opportunity to show cause against the issuing of an execution." Code, § 2985. The suspension of the execution and the permission to the garnishee to answer, found in the judgment, could not have been ordered under this provision for the garnishee had *appeared*. It was in default, not for want of an appearance, but because of a failure to answer in response to an order of the court, and was not entitled to the benefits of this provision. In our opinion that part of the judgment which stays execution and gives the garnishee time to answer is erroneous and must be reversed. The other part of the judgment is affirmed.

*2. ——: ——: suspension of execution.*

III. The garnishee presents objections to the judgment and action of the court, which it claims are erroneous. We do

not find that the garnishee appealed from the judgment. We cannot, therefore, consider the questions it brings to our attention. The judgment is

REVERSED IN PART AND AFFIRMED IN PART.