THOMAS v. HOFFMAN, GARNISHEE.

HOFFMAN v. THOMAS ET AL.

SIGLER v. HOFFMAN, GARNISHEE

HOFFMAN v. SIGLAR ET AL.

</div>

1. **Garnishment:** NOTICE TO GARNISHEE OF TIME AND PLACE OF ANSWERING. Where a commissioner is appointed to take the answer of a garnishee, and the court does not fix the time and place when and where the answer is to be taken, the commissioner should fix such time and place, and give the garnishee notice thereof.

Thomas v. Hoffman, Garnishee.

2. ———: ———: *JUDGMENT WITHOUT NOTICE INVALID.* In such case, where the garnishee had no notice of the time and place when and where his answer was to be taken, and the commissioner reported that he had failed to appear and answer, and the plaintiff thereupon moved for judgment against him, and the court rendered judgment accordingly, *held* that such judgment was invalid, and that the court below erred in overruling a motion to vacate the judgment, and in dissolving an injunction issued to enjoin the collection of the judgment by execution.

3. **Practice in Supreme Court:** ASSIGNMENT OF ERROR. Where it was assigned as error that the court erred in overruling a motion to vacate a judgment on the ground of irregularities, although several of these irregularities were specified as grounds of the motion, yet as only one ground was relied on, the assignment was sufficiently specific.

4. **Garnishment:** JUDGMENT WITHOUT NOTICE: MOTION TO VACATE. A motion to vacate a judgment rendered against a garnishee for failure to answer, when he had no notice of the the time and place when and where his answer was to be taken, might be made after the term at which the judgment was rendered.

<center>*Appeals from Adams District Court.*</center>

<center>TUESDAY, DECEMBER 4.</center>

THE cases are submitted together as involving the same questions of law. Sigler and Thomas are creditors of one Parsons. Each, having a judgment against him obtained in the district court of Adams county, caused an execution to issue, and caused Hoffman to be garnished. The garnishee answered to the officer serving the notice, showing no indebtedness, and in addition thereto appeared at the next term of court, to-wit, the October term, 1882. The attorneys for the garnishing creditors did not see fit to examine him in court, but caused a commissioner to be appointed to take his answer in each case. No time or place, however, was fixed in the order of appointment for the examination, and no notice by the commissioner of the fixing of any time or place for the examination was served upon the garnishee. Eight days after the commissioner was appointed, he made a report that the garnishee had failed to appear and answer. The garnishing creditors then moved to strike from the files the

answers made by the garnishee to the officer, and moved for judgment against him for failure to appear before the commissioner, as shown by his report. The court sustained the motions, and ordered that an absolute judgment be rendered against the garnishee in each case, and that an execution issue against him. The fact of the rendition of such judgments did not come to the garnishee's knowledge until after the expiration of the term at which they were rendered. When the fact did come to his knowledge, he filed a motion in each case to vacate the judgment. An execution having in the meantime issued in each case, he filed two petitions in equity, asking for an injunction to restrain the executions. Writs of injunction were issued, but the garnishing creditors filed motions to dissolve the injunctions. The garnishee's motions to vacate the judgments were overruled, and the creditors' motions to dissolve the injunctions were sustained. The garnishee appeals in each case.

*Anderson & Towner* and *Deacon & Smith*, for appellant.

*R. A. Moore*, for appellees.

Adams, J.—Where a commissioner is appointed to take the answer of a garnishee, and the court does not fix the time and place for the answer to be taken, it is to be inferred that the intention of the court was that the commissioner should fix the time and place. This the commissioner may do by serving a notice on the garnishee of the time and place at which he is to answer. We know of no other way in which the time and place could properly be fixed by the commissioner. He could not do it by a mere mental determination, nor by making a record of the same in his office, or elsewhere. A record made at a time and place not known to the law is not binding upon any one.

No notice having been served upon the garnishee in these cases of any time or place fixed by the commissioner for tak-

ing his answers, he was not, we think, in fault for not giving his answers.

The commissioner was guilty of an irregularity, therefore, in reporting to the court that the garnishee had "failed to appear." While it was true, in one sense, perhaps, that the garnishee had failed to appear, it was not true in any proper sense, and not true in the sense in which the court probably understood it. We do not know that it was the intention to mislead the court, but we have no doubt that the report did mislead it. This irregularity was consummated by the appellees by moving for judgment against the garnishee for failure to appear and answer. We are clear that the judgments in these cases ought not to stand. Code, § 3154.

We have reached this conclusion independent of the fact that the garnishee answered to the officer. His answers were stricken from the files, and perhaps properly, because the officer was not directed to take his answers.

The right to injunctions to restrain the executions depended upon the validity of the judgments. The injunction cases were very properly submitted with the cases in which the judgments were obtained. The conclusion which we have reached necessarily disposes of the injunction cases in the appellant's favor.

What we have said thus far pertains to the merits of the cases. The appellees, however, urge some technical objections which demand a brief consideration.

It is insisted that the errors assigned are not sufficiently specific.

One of the errors assigned is that the court erred in overruling the motion of the garnishee to vacate the judgment. The motion was based upon the alleged ground that the judgment was obtained through irregularity. No other ground is relied upon. It is true that the garnishee specifies more than one thing in which the alleged irregularity consisted; yet as he relied upon one statutory ground, we think that it was sufficient to assign as error that the court erred in overruling the motion.

It is further insisted that the motion should have been filed at the time at which judgment was rendered; and in support of the position the appellees cite *Scamahorn v. Scott et al.*, 42 Iowa, 529. But in that case the garnishee had failed to obey the order of court. In the case at bar the alleged failure was that the garnishee did not appear before the commissioner. But, as we have seen, that was in no proper sense a failure, no time or place for his appearance having been fixed so that he could appear. In all the actions the judgment of the district court must be

REVERSED.