BAILEY v. THE UNION PACIFIC R'Y CO., GARNISHEE.

1. **Garnishment:** APPEARANCE IN COURT: CORPORATION AGGREGATE. The provisions of sections 2979, 2980 of the Code, requiring a garnishee to appear in court and answer interrogatories, cannot, in the nature of things, apply to a corporation aggregate; and it is competent for such corporation to answer in writing through some officer or agent authorized to do so, and cognizant of the facts.

2. **Assignment of Account:** PAYMENT TO ASSIGNOR WITH NOTICE: RIGHTS OF PARTIES. While it was held in *Wing v. Page, ante,* p. 87, that payment to the assignor of an open account, after notice of the assignment, is a good defense to an action by the assignee, yet the assignee could not, after the assignment, compel payment to him.

3. **Garnishment**: LIABILITY OF GARNISHEE ON ACCOUNT PREVIOUSLY ASSIGNED BY THE DEFENDANT. A garnishee can not be held liable on an account owing to the principal defendant, when the account was assigned, and the garnishee had notice of the assignment, at the time of the service of the garnishment.

*Appeal from Superior Court of Council Bluffs.*

MONDAY, DECEMBER 10.

THE plaintiff commenced an action against J. S. Bailey upon a promissory note, and caused a writ of attachment to issue thereon, on the ground that said Bailey was a non-resident of the state, and on the 7th day of February, 1883, the Union Pacific Railway Company was attached as garnishee, and cited to appear and make answer on the 12th day of February, 1883. On the 14th day of February, 1883, the garnishee defendant filed an answer as follows: "Comes now the Union Pacific Railway Company, garnishee, and for answer says: That for the following reasons it is not indebted to J. S. Bailey, and has no money or property in its possession, or under its control, belonging to him. That prior to the service of this garnishment herein, to wit, on or about the 12th day of January, 1883, the said defendant sold and assigned his salary earned, and to be earned, for the months of January and February, and to and including July 15, 1883, to one John L. Owen, and caused this garnishee to be notified of that fact. The said assignee claims and demands said money, and a payment thereof into this court will not release this garnishee from its legal obligation to said assignee. Wherefore garnishee asks to be dismissed with costs.

"*State of Iowa, Douglass County, ss.*

"J. S. Shropshire, being duly sworn, deposes and says that he is authorized to answer for garnishee; that he has read the foregoing answer, and knows the contents thereof, and that the facts therein stated are true, as he believes.

" J. S. SHROPSHIRE."

"Sworn to before me and signed in my presence this 13th day of February, A. D. 1883.      LEAVITT BURNHAM,
"Notary Public."

On the 3rd day of March, 1883, the plaintiff filed a motion to strike the defendant's answer from the files, upon the following grounds:

"1. They (said garnishee) have been served with notice to appear, and they have received their fee for appearing.

"2. That their answer implies an indebtedness, and the garnishee can not set up a defense for a third party.

"3. That garnishee has not appeared in court and made answer as required by law.

"4. That their answer sets up a defense of a third party."

The court sustained this motion, and the garnishee excepted. On the 26th of March, 1883, the garnishee filed an amended answer, as follows:

"That said garnishee defendant was a corporation duly organized and existing under and by virtue of the laws of the United States; that at the date of the service of this garnishment it was not indebted to said defendant, J. S. Bailey, for the reason that the said Bailey had sold and assigned his wages, salary earned and to be earned by him, for the months of January, February, March and April, 1883, to one J. L. Owen, of Omaha, Nebraska, and had notified this garnishee to pay his salary to said assignee, who now claims and demands the same; that said garnishee has no other money or property in its possession, or under its control, belonging to said Bailey, and knows of no one who has. Garnishee says that the said assignee has not been made a party to this suit, and has had no notice of the pending thereof. Wherefore garnishee asks to be discharged with its costs.
" J. S. SHROPSHIRE."

"J. S. Shropshire, being duly sworn, says that he is authorized to answer for the garnishee herein; that he is familiar with the facts, and, from the nature of his business connections with said garnishee, is more familiar with the facts

than any other officer or employe; that he has read over the foregoing answer and knows the contents thereof, and that the facts therein stated are true, as he believes.

"J. S. SHROPSHIRE."

"Sworn to before me and signed in my presence this 24th day of March, 1883. Witness my hand and seal notarial.

"GEORGE F. WRIGHT,

"Notary Public."

The plaintiff filed a motion to strike this answer from the files for the following reasons:

"1. That said matter set up in said answer is immaterial, incompetent and irrelevant.

"2. The garnishee defendant has failed to appear and make answer as required by law.

"3. That the garnishee defendant has not appeared and answered the interrogatories to be propounded to it.

"4. That the answer herein on file is not a complete answer to the interrogatories to be propounded to it.

"5. That the assignment set out in said answer is not claimed to have been made prior to the service of the garnishment process."

On the seventeenth day of April, 1883, this motion was sustained. On the tenth day of June, 1883, the plaintiff filed a motion for judgment against the garnishee in the sum of $384.10, and the court ordered "that defendant garnishee appear in court by June 12, 1883, at 10 o'clock A. M., and answer, and upon default judgment be rendered as prayed." On the twenty-second day of June, judgment was rendered against the garnishee for $384.10. The garnishee appeals.

*Wright & Baldwin*, for appellant.

*Lindt & Hart*, for appellee.

DAY, CH. J.—I. It is not stated, as a ground of the motion to strike the answer from the files, that it does not appear that Shropshire was authorized or was competent, as an

officer or agent, to answer on behalf of the company. The ground of the motion seems to be that it is not competent for the garnishee to answer in writing at all, but that it must appear in court and submit to an oral examination, and answer orally such questions as may be propounded. The Code provides that, except when the plaintiff in writing directs the sheriff to take the answer of the garnishee, he must be required to appear on the first day of the next term of the court in which the case is pending, and answer such interrogatories as may be propounded to him, or he will be liable to pay the entire judgment which the plaintiff eventually obtains against the defendant. Code, § § 2979 and 2980. This provision cannot apply literally to the case of a corporation aggregate, "an artificial being, invisible, intangible, and existing only in contemplation of law." Such a being can not come personally into court and submit to an oral examination. The end of the statute must, therefore, be accomplished in some other manner. In our opinion it must be held competent for such a corporation to answer in writing through some officer or agent authorized by the company to do so, and cognizant of the facts. For a full discussion of this question, see opinion of the Illinois supreme court in *Chicago, Rock Island & Pacific R'y Co. v. Mason*, 11 Bradwell, 525. If issue be taken upon the answer so filed, then the plaintiff may summon any officer or agent of the company, and examine him as a witness.

II. It is stated, however, in the answer, that the matter set up in the answer is immaterial, incompetent and irrelevant. The answer, in substance, sets up the assignment to Owen of the debt due to Bailey, and that the garnishee owes the debt to Owen and not to Bailey. It is true, it was held by this court in *Wing v. Page, ante*, page 87, that payment to the assignor of an open account, after notice of the assignment, is a good defense to an action thereafter instituted upon the account by the assignee. This decision is based upon the peculiar provisions of sections 2086 and

2087 of the Code. But, while the debtor may voluntarily pay to the assignor, and thus avoid liability to the assignee, we think that he is not under obligation to do so, and that the assignor can not compel him to make such payment. The answer of the garnishee simply sets up a state of facts showing that the garnishee is not under legal liability to the judgment debtor. This we think it is competent for the garnishee to show.

III. A further ground of the motion to strike the answer from the files is that the assignment set out in the answer is not claimed to have been made prior to the service of the garnishment process. This ground of the motion is clearly based upon a misapprehension of the amended answer. It alleges "that at the date of the service of this garnishment it was not indebted to said defendant, J. S. Bailey, for the reason that the said Bailey had sold and assigned his wages." This clearly is equivalent to an allegation that, when the attachment was served, Bailey *had* assigned his wages. In our opinion the court erred in striking the answer of the garnishee from the files.

REVERSED.