DEERE, WELLS & CO. v. NELSON ET AL.

1. **Deed:** DELIVERY: WHAT IS NOT: PRIOR ATTACHMENT. Defendant, a resident of Iowa, while visiting his father in Vermont, gave him the refusal of his Iowa land at a named price. No further communication was had between them until some time afterwards, when defendant executed a deed for the land to his father, had it recorded, and sent it to him by mail. *Held* that there could not have been a completed sale of the land, and no delivery of the deed in a legal sense, until the receipt and acceptance of the deed, and that an attachment levied on the land before the receipt of the deed created a paramount lien (Compare *Day v. Griffith,* 15 Iowa, 104, and *Cobb v. Chase,* 54 Id., 253.)

2. **Decree:** MOTION TO CORRECT TO CONFORM TO PLEADINGS. Where a decree has not yet been read and approved by the court, there is no error in sustaining a motion to correct it to conform to the pleadings. (Com-

pare *Thomas v. Hoffman*, 62 Iowa, 125, and *Town of Storm Lake v Iowa Falls & S. C. R'y Co.*, Id., 218.)

3. **Practice**: PLEADING: AMENDMENT AFTER DECREE. Pending a motion to correct a decree which had been entered, but not yet read and approved, in order to make it conform to the pleadings, defendant moved for leave to amend his answer so as to make the pleadings sustain the decree as it was; but since such amendment would have introduced a new issue which would have required the case to be reopened and tried anew, *held* that the motion for leave to amend was properly overruled, especially as defendant might have full relief in another action.

### *Appeal from Audubon District Court.*

### WEDNESDAY, OCTOBER 26.

ACTION in equity for a decree declaring a certain attachment lien paramount to a deed. There was a decree for the plaintiffs, and the defendants appeal.

*Griggs & Brainard* and *H. W. Hanna*, for appellants.

*Smith, Carson & Harl*, for appellees.

ADAMS, CH. J.—The plaintiffs are creditors of the defendant L. H. Nelson, and as such they caused an attachment to be levied upon 320 acres of land in Audubon county. The defendant James Nelson claims to be the owner of the land by purchase and conveyance from the defendant L. H. Nelson prior to the levy of the attachment. The plaintiffs deny that the purchase and conveyance were made prior to the levy of the attachment, but claim that it was made several days later. It is not denied that a deed of the land was executed by L. H. to James Nelson and filed for record prior to the attachment; but they aver that the deed was not delivered until several days after the attachment. The facts appear to be that the defendant James Nelson is the father of L. H. Nelson, and resides in Vermont; that some time prior to the execution of the deed there had been some conversation between them in regard to a sale of the land by L. H. Nelson to his father

1. DEED: delivery: what is not: prior attachment.

for $8,500, a part of the purchase-money to be paid by the surrender of a promissory note held by the father against his son, and that the conversation resulted in L. H. Nelson giving the father what he called the refusal of the land. On this point both L. H. Nelson and his father were examined as witnesses, and they substantially agree. The testimony of James Nelson is in these words: "In January, 1883, we wrote to L. H. Nelson to know if he wished to sell his place. He answered that he did not then, but, when he did sell, would let me have it. In July of the same year he was at home, (in Vermont.) I asked him what he wanted for his place. He said he had been offered $8,000 and some land in Nebraska, and he called the offer as good as $8,500. I asked him if he would give me the refusal when he sold, and he said he would. The deed I received was in accordance with said conversation."

We have set out with some explicitness the testimony of James Nelson, because he is the party claiming under the deed, and it must be determined from the facts as above detailed when the deed could be considered as delivered. It does not appear that any communication passed between L. H. Nelson and his father relative to the land after the conversation in Vermont in July, until the deed had been executed and recorded and sent by mail to Vermont, in November, where it was received several days after the attachment. The filing of the deed for record could not be considered as a delivery, unless it was filed in pursuance of a previous agreement. (*Day v. Griffith*, 15 Iowa, 104; *Cobb v. Chase*, 54 Id., 253.) The defendant James Nelson relies upon the conversation which occurred in Vermont, in July, as constituting such agreement; but it seems to us very clear that no agreement for the purchase was consummated at that time. The most that can be said is that L. H. Nelson agreed to give his father the preference as a purchaser; that is, the right to purchase in preference to any one else *if he should see fit;* or, taking what was said in a more literal sense, the right to

refuse the land. Without question, we think that it was James Nelson's right, when he received the deed, to refuse to accept it on the terms mentioned. This being so, the delivery did not not take place until the actual receipt of the deed by James Nelson in Vermont, and acceptance by him. In the meantime the plaintiff's lien had attached; and we do not think that the court erred in holding the plaintiff's lien paramount.

The note held by James Nelson against his son, already referred to, it appears, was secured by mortgage on the land. The attachment was subject to the mortgage at the time it was made, and James Nelson claims that, notwithstanding his purchase of the land, he had no intention to release the mortgage as against the plaintiffs, and has still a right to assert it as against them. A decree was drawn and entered, which so provided. Afterwards, on the plaintiffs' motion, the provision was stricken out, because there was nothing in the pleadings which justified the determination of such question. The defendant James Nelson complains that the court erred in striking out such provision.

<div style="margin-left:2em"><strong>2. DECREE:</strong> motion to correct to conform to pleadings.</div>

The motion was made before the decree was read and approved; and we think that there was no error in correcting it to make it conform to the pleadings. (*Thomas v. Hoffman*, 62 Iowa, 125; *Town of Storm Lake v. Iowa Falls & S. C. R'y Co.*, Id., 218; *Bosch v. Kassing*, 64 Id., 312.)

After the motion was filed, and before it was ruled on, the defendant James Nelson asked leave to file an amendment to his answer, setting up his mortgage, and praying that it be declared a lien prior to the attachment; but the court refused to grant such leave, and he complains that the court erred in that respect. Without determining whether, if the amendment had been allowed, such relief could properly have been granted upon the evidence as it stood, we cannot say that the court erred in refusing the amendment. It was the plaintiffs' right to take

<div style="margin-left:2em"><strong>3. PRACTICE:</strong> pleading: amendment after decree.</div>

issue in respect to the lien of the mortgage, and introduce evidence, if they had any; and their rights could not, we think, be wholly preserved unless the case should be reopened and set for another trial. It was better, we think, to leave the question of the lien of the mortgage undetermined for such future action as the mortgagee should see fit to bring.

Affirmed.