R. L. McDONALD & COMPANY, Appellee, v. CHARLES FINNEY, Defendant; UNION PACIFIC RAILWAY COMPANY, Garnishee, Appellant.

Garnishment: DEFAULT OF GARNISHEE: SETTING ASIDE. While, for a mere failure to appear, a garnishee is not liable to pay the amount of the plaintiff's judgment, unless he has had an opportunity to show cause against the issuing of an execution against him as provided in section 2985 of the Code, yet where he has once appeared for the purpose of having a default set aside, and he makes a second default, he is not entitled to the benefits of said section, and it is no abuse of discretion for the court to refuse to set aside the second default.

*Appeal from Superior Court of Council Bluffs.*—Hon. J. E. F. McGee, Judge.

Wednesday, February 1, 1893.

The plaintiff commenced an action against the defendant, Finney, and sued out an attachment. The Union Pacific Railway Company was garnished as a supposed debtor to Finney. The garnishee was adjudged to be in default for failure to answer. A motion was made to set aside the default. The motion was overruled and the railway company appeals.— *Affirmed*.

*Wright & Baldwin*, for appellant.

*Wheeler & West*, for appellee.

Rothrock, J.—The sole question discussed in the arguments of counsel is, whether the superior court abused its discretion in overruling the motion to set aside the default. The facts upon which the garnishee was found to be in default are as follows: The action was commenced on the sixth day of January, 1891, and the writ of attachment was issued, and the railway company garnished, on the same day. The garnishee was required to appear and answer on the first day of the next term. Another garnishment was served on the railway company on the thirtieth day of January, 1891. This last garnishment also required an answer on the first day of the next term. The garnishee did not appear on the first day of the term, but was in default. On the morning of the second day of the term the court, at the request of the plaintiff's attorneys, entered up a default against the garnishee. On the twentieth day of the same month the garnishee filed an application to set aside the default. On the same day an answer was filed, in which it was averred that the

garnishee was not indebted to Finney on the thirtieth day of January, 1891; but this answer did not respond to the garnishment made on the sixth' day of that month. The motion to set aside the default was sustained on the twenty-seventh day of February, and the default was set aside, and an order was made requiring the garnishee to answer by the second day of March, 1891. The answer to the garnishment of January 30, 1891, remained on file, but no further answer was filed, and on the sixth day of March, 1891, the garnishee was again adjudged to be in default. On the same day the garnishee made an application to set aside this default, and it was overruled.

It will be observed that the record did not at any time prior to March 6 show that any answer was made to the garnishment which was made on the sixth day of January, 1891. We think there was no abuse of discretion in the refusal to set aside the second default. The fact that it was a second default in the same case and that the second default was not taken until four days after the time for answer expired makes a case which completely answers any claim that the court abused its discretion. It is true, a garnishee does not, at the outset, have the same relation to the case as a defendant. "For mere failure to appear he is not liable to pay the amount of plaintiff's judgment unless he has had an opportunity to show cause against the issuing of an execution." Code, section 2985. But the garnishee had appeared in this case, and afterwards was found to be in default for a failure to answer; and it was not entitled to the benefits of the section of the Code above cited. *Scamahorn v. Scott*, 42 Iowa, 529.

We discover no ground for reversing the order of the superior court, and it is AFFIRMED.