BOWER BROS., Appellees, v. NIS HANSEN, Defendant, J. F. PETERSON, Garnishee, Appellant.

Garnishment: NOTICE. Notice to a garnishee which failed to re-
1  quire him to appear on the first day of the next term and to state that in case of such failure he would be liable to pay any judgment plaintiff might recover was defective.

Default of garnishee: NOTICE. Where a commissioner was ap-
2  pointed to take answers of all garnishees cited to appear at the term, and a garnishee was excused from appearing and answering on the first day of the term, a default thereafter entered against him without notice of the time and place where he was to appear and answer should be set aside.

*Appeal from Mills District Court.*— HON. A. B. THORN-NELL, Judge.

WEDNESDAY, DECEMBER 13, 1905.

IN an action brought by plaintiff against defendant, Hansen, J. F. Peterson was garnisheed as a supposed debtor of defendant, and notified to appear at the next term of the

district court in Mills county, to be begun and held April 14, 1903, and to answer such questions as should then and there be propounded to him.   Court convened in that county April 14th, and the official reporter was on that day, appointed a commissioner to take the answer of all garnishees ordered to appear at that term.   The garnishee went to the county seat on the first day of the term and saw plaintiff's attorneys, and all parties agree that he was excused from appearing and answering on that day.   For some reason he did not thereafter appear at any time, and on July 27, 1903, at a subsequent term of court, the garnishee was adjudged to be in default for want of appearance and answer; and on the 16th day of September, 1903, he was served with notice to appear and show cause why an execution should not issue against his property to satisfy plaintiff's judgment against Hansen.   In response to this the garnishee appeared and filed a motion to set aside the default; his answer showing no liability of any kind to the judgment defendant.   This motion was overruled, and judgment was thereupon entered against the garnishee for the amount of plaintiff's judgment, with costs; and the garnishee appeals.— *Reversed.*

*Organ & Pusey,* for appellant.

*Genung & Genung,* for appellee.

DEEMER, J.— The notice served upon the garnishee was defective, in that it did not require him to appear on the first day of the next term of court, and did not state that, if he failed to appear and answer, he would be liable to pay the judgment which plaintiff might obtain.   Code, sec. 3935.   *Padden v. Moore,* 58 Iowa, 703.

Moreover, according to all the evidence, the garnishee was excused from entering an appearance and answering on the first day of the term; and, as the trial court had ap-

pointed a commissioner to take answers of all garnishees cited to appear at the term, the garnishee, after being excused from answering on the first day, could not thereafter be held in default, without notice from the commissioner as to the time when and place where he should make answer. *Thomas v. Hoffman,* 62 Iowa, 125.

While there is a decided conflict in the testimony regarding the arrangement between the garnishee and plaintiff's attorneys with reference to his (the garnishee's) appearance, we are satisfied that there was a misunderstanding about the matter, and that the garnishee was not intentionally at fault. He came to Glenwood, the county seat, after his first appearance in answer to the notice of garnishment, and was then informed, probably without authority, that the case was not ready for disposition, and he understood that he was to have notice as to when he would be needed. No such notice was given; but garnishee was informed that he need not again appear until called upon. A much slighter showing of diligence or excuse is needed to warrant the setting aside of a default against a garnishee than in cases of ordinary default. *Evans v. Mohn,* 55 Iowa, 302. The garnishee shows in his motion that he was in no way indebted to the judgment defendant, and that he held no property of his when he was garnisheed.

Taking the record as a whole, we are constrained to hold that the motion to set aside the default should have been sustained, and that the trial court was in error in denying it.

For the reasons pointed out, the judgment must be, and it is, *reversed.*