H. L. BUMP v. J. H. AUGUSTINE, Defendant, and THE IDAHO LAND & ORCHARD COMPANY, Garnishee, Appellant.

Garnishment of a corporation: FAILURE TO ANSWER: DEFAULT:
1 .NOTICE. Upon garnishment of a corporation it must respond by some one having sufficient knowledge to state whether it is indebted to defendant, and it may file a sworn answer by such person; and having appeared in answer to garnishment it is not entitled to further notice to show cause why judgment should not be entered against it for default in failing to make a sufficient answer.

Same: INSUFFICIENT ANSWER: JUDGMENT. Where a garnishee has
2 filed an answer which is insufficient to show either liability or nonliability, it may be stricken from the record and a sufficient answer required; but so long as it remains a part of the record judgment for failure to answer should not be entered.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, NOVEMBER 22, 1913.

ACTION to recover for services rendered the defendant, and the Idaho Land & Orchard Company was garnisheed, and appeals from a judgment rendered against it.—*Reversed.*

*John O. Malcolm* and *Thomas A. Cheshire,* for appellant.

*Parsons & Mills* and *H. L. Bump,* for appellee.

LADD, J.—The petition, claiming $302.79 as a balance for services as an attorney rendered for defendant, was filed

February 28, 1912, and on the next day a writ of attachment issued to the sheriff of Mahaska county, and A. J. Augustine was required to answer as garnishee. On the same day a writ of attachment issued to the sheriff of Polk county, who caused notice of garnishment to be served on the Idaho Land & Orchard Company, by informing H. R. Ennis, president thereof, that said company was attached as garnishee, and leaving with him a copy of the notice. On April 17th following, the sheriff took the answer of said company through its president, to the effect that it was in no manner indebted, nor had or knew of property belonging to the defendant, and on the 6th day of May notice was served on the company through its president, requiring it to appear and answer such interrogatories as might be propounded to it. Having failed to appear, the court on motion of plaintiff, ordered that the Idaho Land & Orchard Company should appear by its president, H. R. Ennis, before J. E. Holmes, at his office in the Good Block, on the 18th day of May, A. D. 1912, at 10 o'clock a. m., to submit to such examination as may be right and proper, as provided by law, and that the said H. R. Ennis is further ordered to bring with him the stock book of the said corporation, together with its book of account with the defendant J. H. Augustine, to then and there fully answer as to its indebtedness to the said defendant. Ennis appeared on the day named and gave answers to such questions as were asked him, but did not bring the stock book, as it was at the main office of the company at Oskaloosa. His examination disclosed that J. H. Augustine was employed by the company in Idaho at a salary of $200 per month; that he did not know whether the company was indebted to him or not; that he did not know how his salary was paid; that the secretary of the company had informed him nothing was owing said Augustine; and that said secretary as custodian of the books "would be very glad to come up here, providing his expenses of coming up here are paid." Another writ issued, and he answered before the same commissioner June 10, 1912, in substance, as before. Notice

of the attachment had been served on defendant, and on motion of plaintiff filed June 12, 1912, judgment by default, for want of answer by the garnishee, was entered September 10th against the garnishee for the amount claimed in the petition. A transcript of the testimony of Ennis was attached to this motion. On the following day the garnishee moved that the judgment be set aside. It will be noted that the company, not its president, was garnisheed, and, of course, for an officer to assert want of knowledge was no answer for the company, nor did the officer's answer constitute any excuse for the company's failure to disclose truthfully whether it was indebted to defendant.

Necessarily, a company must respond by some one having

1. GARNISHMENT OF CORPORATION: failure to answer: default: notice.

sufficient knowledge to state whether it is indebted to the defendant, and may file written answers sworn to by such person. *Bailey v. Union Pacific Ry. Co.,* 62 Iowa, 354. See Shinn on Attachments & Garnishment, 619.

Moreover, it will be noticed that the company had appeared by answering in a fashion, so that no additional notice to it before entering default was essential under section 3942 of the Code. *McDonald v. Finney,* 87 Iowa, 529; *Scamahorn v. Scott,* 42 Iowa, 529.

It is only when he fails to appear that he is entitled to an opportunity to show cause against the entry of judgment against him before this is done. But the trouble with this

2. SAME: insufficient answer: judgment.

case is that there was an answer. True it was insufficient, and might well have been stricken from the record. It disclosed neither liability nor the contrary; and, in the absence of some showing of an indebtedness, it is not to be presumed with an answer on file that the garnishee is obligated to the defendant. Presumably the garnishee is indifferent between the parties, and, unless in default, he may not be assumed to owe the defendant. See *Morse v. Marshall,* 22 Iowa, 290; *Letts, Fletcher & Co. v. McMaster,* 83 Iowa, 449; *Walters v. Wash-*

*ington Ins. Co.,* 1 Iowa, 404; *Bolton v. Bailey,* 122 Iowa, 729; *Church v. Simpson,* 25 Iowa, 408; *Hibbard v. Everett,* 65 Iowa, 372. Undoubtedly the court, on motion, might properly have stricken the answers from the files and exacted an adequate answer by an officer having personal knowledge, and, on failure to make such answer, enter default. But it ·was error, in disregard of the answers, such as they were, to enter default as though none had been made.—*Reversed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.