IOWA STOCK REMEDY COMPANY, Appellee, v. W. W. BRODERSON et al., Appellants.

GARNISHMENT:   Controverting Answer—Notice Unnecessary.   A garnishee who makes answer to the garnishing officer, even though all indebtedness is unequivocally denied, is in court, on due return of said answer, and is not entitled to notice of the controverting of said answer by the execution plaintiff and of the hearing on said controverting pleading.

Headnote 1:   28 C. J. pp. 240, 307, 314.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

APRIL 8, 1925.

REHEARING DENIED APRIL 9, 1926.

ACTION in equity, to set aside a judgment entered against the Iowa Stock Remedy Company, as garnishee, and to enjoin the collection of said judgment on execution. Decree for plaintiff, as prayed. Defendants appeal.—*Reversed.*

*Elwood & Tourgee,* for appellants.

*E. G. Graham,* for appellee.

DE GRAFF, J.—Plaintiff in petition alleges:
"That, on or about the 5th day of March, A. D. 1912, the defendant W. W. Broderson claims to have obtained a judgment against one Earl McLaughlin, in the district court of Sac County, Iowa, and thereafter claims to have caused to be issued out of said district court of Sac County, Iowa, a general execution against the said Earl McLaughlin, placed the same in the hands of the defendant sheriff, and attempted to garnishee this plaintiff by taking its answers as a supposed debtor of the

said judgment defendant, Earl McLaughlin, upon said execution."

Notice of garnishment was served upon appellee by the sheriff in obedience to the written direction of the attorneys for the judgment plaintiff. The sheriff took the answers of the garnishee, plaintiff-appellee herein, as directed, and also notified appellee to appear at the next term of the district court of Sac County, and there to answer such interrogatories as might be propounded, and, upon failure to do so, it would be liable to pay the entire judgment. The answers of the garnishee were full and unequivocal, and, if true, showed that it was in no respect indebted to the judgment defendant. No other or further notice was ever served upon appellee. A pleading controverting the answers of the garnishee was filed by the judgment plaintiff, upon which a trial was had, and a finding made by the court that appellee was indebted to the judgment defendant in a sum equal to the amount of the judgment; and judgment was entered against it therefor. The court found that the garnishee had been duly and properly notified to appear, as above stated, and entered default against him.

The court below in this action found that the notice served upon the garnishee at the time of the garnishment, directing it to appear on the first day of the next term of the district court of Sac County, to wit, on the 13th day of October, 1919, was served without authority, and that the court which tried the issues joined on the answers of the garnishee was without jurisdiction to enter a personal judgment against the garnishee; and decreed that the judgment entered, as above stated, be set aside and held for naught.

The applicable statutes relating to garnishment are Sections 3935, 3939, 3940, 3943, and 3945 of the Code of 1897. Upon receiving a writ of attachment, when directed by the plaintiff to do so, it is the duty of the sheriff to serve notice upon any supposed debtor of the principal defendant's, summoning him to appear on the first day of the next term of the district court in which the case is pending, unless he is directed by the plaintiff to take the answers of the garnishee, as provided by Section 3939.

The answers of the garnishee, appellee herein, were taken by the sheriff, who also summoned the garnishee to appear on the first day of the term. The answers were a denial of any indebtedness. Answers having been made by the garnishee and filed as a part of the return of the sheriff, Section 3943 of the Code has no application to this case. This section, so far as it relates to the garnishee, applies only when he is in default. The judgment entered in the main case against the garnishee was without further notice to him. The contention of appellant is that, without notice of the hearing on the issues presented by the pleading controverting the answers of the garnishee, the court was without jurisdiction to enter judgment against the garnishee. We have repeatedly held that, when the garnishee appears and files answer, he is bound to take notice of all further proceedings, and that no further notice is necessary before judgment is entered. *Bump v. Augustine,* 163 Iowa 307; *Westphal, Hinds & Co. v. Clark,* 42 Iowa 371; *Miller & Co. v. Mason & Co.,* 51 Iowa 239; *Chase v. Foster,* 9 Iowa 429; *McDonald & Co. v. Finney,* 87 Iowa 529.

The garnishee, although served with notice to appear on the first day of the term, was not required to do so, because he had made unequivocal answer to the statutory questions propounded to him by the sheriff. He was not, however, thereby discharged as garnishee. The answers filed by the sheriff conferred jurisdiction of the court over him to enter judgment against him, if the answers disclosed an indebtedness upon his part to the principal defendant, or to discharge him as garnishee. He was bound to take notice that the plaintiff had a right to controvert his answers. This the plaintiff did. No further notice of the hearing upon the issues joined on his answers was necessary, if the court already had jurisdiction of the person, as we think it did. A garnishee becomes a party to the action, and the cause may be docketed against him as such. It is true that he stands indifferent between the parties, and because of this fact is entitled, when summoned, to demand witness fees.

It seems to us that the court had jurisdiction of the garnishee for the purpose of hearing and determining whether it

was indebted to the garnishee plaintiff, and if so, to enter judgment against him, if an indebtedness was found to exist. The decree entered is—*Reversed*.

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.

ALBERT, J., takes no part.