## MORSE v. MARSHALL, GARNISHEE.

1. **Garnishment:** LIABILITY OF GARNISHEE. To charge a garnishee, his liability must be *affirmatively* shown.

2. —— ANSWER. A garnishee will not be charged on his answer alone, unless it contains a clear admission of a debt due to, or the possession of money or attachable property of, the defendant.

3. —— DOUBT. And if it be left in reasonable doubt whether he is chargeable or not, he is entitled to a judgment in his favor.

*Appeal from Iowa District Court.*

TUESDAY, JUNE 11.

AT the September Term, 1865, of the Iowa county District Court, the plaintiff recovered a judgment against the Mississippi and Missouri Railroad company for the sum of seventy dollars. In the same month (September), execution was issued and placed in the hands of the sheriff of said county. On the 16th day of October, he levied on ninety-four cords of cord-wood, and on the 15th day of November, 1865, he levied on seven cords more of wood. All the wood was afterward replevied by T. C. Durant and others. He also summoned William Marshall as garnishee. This garnishee filed his answer and amended answer. Issue was taken on the answers; trial had before a jury; verdict against garnishee for four thousand dollars; judgment against garnishee for seventy dollars and costs; and the garnishee defendant appeals.

*Cook* and *Drury* for the appellant.

*Templin & Feenan* and *J. D. Templin & Son* for the appellee.

COLE, J.—The cause was tried upon the answer of the garnishee; the other evidence in the case did not tend to conflict with the answer, but what there was tended rather to corroborate than conflict with it. The answer of the garnishee stated, in substance, that he was a station agent on the M. & M. railroad; that he was employed by the officers of the Chicago and Rock Island Railroad company, who gave him all his instructions; that he was required to and did make daily remittances of all moneys received by him as station agent to the cashier of the Chicago and Rock Island Railroad company, at Chicago, and was not accountable to any officer of the M. & M. Railroad company for money received by him; that, since he was summoned as garnishee, which was about nine months before his final answer was taken, he had received forty dollars per month for the sale of tickets, and during the nine months he had received about four thousand dollars for both freight and tickets; that the tickets he sold and the bills of lading and receipts he gave were in the name of the M. & M. Railroad company; but that he did not know what, if any, interest the M. & M. Railroad company had in the money received by him; that the property and earnings of the M. & M. Railroad company were mortgaged to certain parties to pay interest on the bonds issued for the construction of the road, and the moneys received by him were used in payment of the interest thereon, which was largley in arrears.

This answer was denied by plaintiff, but no testimony was introduced by him to controvert the same.

The garnishee introduced the several mortgages upon the M. & M. Railroad company, and the commissioner's

deed, conveying the same to the Chicago, Rock Island and Pacific Railroad company, under a sale pursuant to a decree of foreclosure rendered by the United States Circuit Court for Iowa. There was also other evidence tending to show that the mortgagees were entitled to and did control and receive the earnings of the M. & M. railroad during the time the defendant was station agent. Upon this showing, the jury found for the plaintiff.

This verdict was clearly against the evidence, and the judgment must be reversed for that reason.

When a party is attached, as garnishee, he is not therefore presumed to be indebted to the judgment or attachment defendant. His indebtedness or possession of property must be affirmatively shown in order to render him liable. *Smith, Twogood & Co.* v. *Clark & Henley*, 9 Iowa, 241.

1. GARNISHMENT: liability of garnishee.

In order to charge a garnishee on his answer alone, there must be in it a clear admission of a debt due to, or the possession of money or attachable property of, the defendant. Drake on Attachment, § 659, subd. 1, and the numerous authorities cited in note 1.

2. —— answer.

If it be left in reasonable doubt whether he is chargeable or not he is entitled to a judgment in his favor. Drake on Attachment, § 659, subd. 7; *Gordon* v. *Coolidge*, 1 Sumner, 537; *Pierce* v. *Carlton et al.*, 12 Ill., 358.

3. —— doubt.

Applying these well settled rules to the answer of the garnishee in this case, it leaves no room for doubt that the verdict is against the evidence. If any of the money received by the garnishee was the property of the M. & M. Railroad company, that fact must be shown by evidence, since it is not so admitted by the answer, nor reasonably deducible therefrom.

                                                    Reversed.