Church v. Simpson.

I therefore conclude that the judgment of the District Court should. be

Affirmed.

∨

## CHURCH v. SIMPSON et al.

1. **Garnishment:** ANSWER OF GARNISHEE. To render a garnishee liable on his answer alone, he must clearly admit his indebtedness to the defendant in attachment or execution, and if there be a reasonable doubt of such indebtedness, judgment will not be rendered against him.

2. **Judgment:** PRE–AGREEMENT TO SATISFY. An agreement to satisfy or discharge a judgment, entered into before the rendition of the judgment or the commencement of the suit wherein it is rendered, will be supported in the absence of any design to defraud others, and where it has no such effect.

3. **Intoxicating liquors:** CONTRACTS FOR. While the sale and receipt of the purchase-money of intoxicating liquors in violation of the act for the suppression of intemperance, creates a debt which can be recovered by the purchaser, paying the money, from the seller, such will not be the case where it does not appear that the liquors were of this character.

*Appeal from Scott District Court.*

THURSDAY, JULY 23.

ACTION in attachment against Simpson, wherein garnishee process was issued against Allen, his debtor, and served October 19, 1867. Judgment against the debtor and garnishee November 19, 1867. The garnishee appeals.

*W. E. Leffingwell* and *Cook & Drury* for the appellant. (No brief found on reporter's file.)

*Brown & Sully* for the appellee.

I. The agreement to satisfy the judgment was a fraud upon the court..

II. The statute, chapter 131, provides the mode of making up an agreed case.

III. The agreement is void for want of consideration as against creditors; the garnishee admitting in his answer, page 8, that Simpson had paid him money for liquors, it became a debt due to Simpson that he could not release without consideration as against his creditors.

IV. The parties having submitted to the jurisdiction of the court, and it being solemnly adjudged that the garnishee was indebted to the defendant Simpson, neither party can be heard to deny it. The agreement was made in August, and the judgment rendered after that, and at the September Term.

V. The satisfaction does not appear to have been made; *non constat*, but that the judgment is now in full force and effect. The garnishee does not deny, but, on the contrary, admits, the facts upon which the law founds an indebtedness. See Rev. § 1571.

BECK, J. — To the usual interrogatories, the garnishee, upon appearance, answering, denies all indebtedness to the defendant in attachment.

He is then especially interrogated as to his indebtedness upon a certain judgment against him and in favor of defendant in attachment, rendered in the Clinton District Court. He replies substantially that certain attorneys for defendant in attachment, desired to test the question by a suit in the courts, "whether a party who had paid money for liquor could recover it back;" that the defendant in attachment had paid the garnishee money for liquor furnished him; that an agreement in writing was entered into between the attorneys of the defendant in attachment and the garnishee before the rendition of judgment (a suit having been commenced by the defendant in attachment against the garnishee to recover the

money paid for liquor), to the effect that satisfaction without the payment of any money or property should be entered if any judgment should be recovered by either party in said suit; that judgment was entered against the garnishee, in said suit, for about $2,000. In his answer, he explicitly denies owing any thing on said judgment. The foregoing is the substance of the garnishee's answer, and no evidence was introduced by either party.

I. There is no presumption of indebtedness against the garnishee. To entitle plaintiff to judgment against him,

1. GARNISH-MENT: answer of garnishee.

his indebtedness must be affirmatively shown, and to render him liable on his answer alone, he must clearly admit his indebtedness to the defendant in attachment. If, in such case, there be a reasonable doubt of his indebtedness, judgment must not be rendered against him. *Morse* v. *Marshall*, 22 Iowa, 291. Under the foregoing rules, judgment should not have been rendered against defendant. He denies pointedly his indebtedness upon the judgment. His explanation of the cause and manner of obtaining the judgment, and his statement of the agreement to satisfy it, are sufficient to show affirmatively that no indebtedness exists thereon.

There can be no reason given why an argeement to

2. JUDGMENT: pre-agreement to satisfy.

satisfy or discharge a judgment, entered into before it is obtained, should not be supported where there is no design to defraud others thereby, and where it has no such effect.

II. It is urged by counsel for plaintiff, that, inasmuch as the attachment debtor had paid the garnishee money

3. INTOXICAT-ING LIQUORS: contracts for.

for liquors, it became a debt due him (the debtor), which he could not release as against his creditors without consideration.

This position is singularly unfortunate in being supported neither by the law nor the facts as disclosed by the record.

Church v. Simpson.

In the first place, the sale of *liquors* and the receipt of money therefor does not create a debt which can be recovered by the purchaser from the seller. But the sale of *intoxicating liquors*, in violation of the act for the suppression of intemperance will have that effect under the provisions of that act.

In the second place, the record does not show that the garnishee sold the attachment debtor *intoxicating liquors contrary to the act for the suppression of intemperance.* Neither does the record disclose the fact that the attachment debtor owed one cent to any one when the judgment in his favor was rendered, or the agreement to satisfy it was executed.

III. It is further urged that the agreement to satisfy the judgment was a fraud upon the court in providing for an action for an improper purpose. Let this proposition be admitted, yet it does not follow that the garnishee is indebted to the attachment debtor, which is the only question to be determined in this case.

IV. The plaintiffs contend that, inasmuch as it was determined by the judgment of the court that the garnishee was indebted to the attachment debtor, neither party can be heard to deny it under an agreement made prior to the rendition of the judgment.

The judgment cannot be denied, but the indebtedness thereon can be shown to have been paid or discharged, and this may be done under an agreement made before the rendition of the judgment.

V. It is lastly urged by plaintiffs that notwithstanding the agreement to satisfy the judgment, it has not, in fact, been satisfied, and is, therefore, in full force.

The question is as to the garnishee's indebtedness upon the judgment : the agreement is evidence of the fact that he is not indebted thereon, to which he testifies positively in his answer. If he is·not indebted on the judgment,

if it has in any manner been discharged, he is not liable in this proceeding even if the judgment remain unsatisfied.

The judgment of the District Court is

Reversed.