HIBBARD, SPENCER, BARTLETT & CO. v. EVERETT ET AL.

1. **Garnishment:** LIABILITY OF GARNISHEE ON ANSWER. A garnishee cannot be held liable upon his answer, unless he therein clearly admits his indebtedness to the principal defendant.

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, DECEMBER 10.

THIS is a proceeding by garnishment. The cause was tried without a jury, and the garnishee was discharged. Plaintiffs appeal.

*Charles E. Ransier,* for appellants.

*Lake & Harmon,* for appellee.

BECK, J.—The garnishee, F. J. Everett, in an answer to the proceeding, denied indebtedness to the defendant. Thereupon he was further examined, and testified that he held a chattel mortgage executed by defendant upon a certain stock of merchandise, the possession of which he had taken under the mortgage, and, after adding certain goods to the stock, and selling from the stock thus enlarged, he caused the goods mortgaged to be sold by the sheriff, in order to foreclose the mortgage. The sum realized at the foreclosure sale was less than the

amount of the debt, costs of the sheriff's sale, expenses incurred, and the costs of the goods added to the stock by the garnishee. Plaintiffs insist that the amount of the item last enumerated should not be deducted from the sum realized from the foreclosure sale, for the reason that the new goods were not sold thereat. This claim is based upon counsel's understanding of the garnishee's evidence, and there was none other at the trial. Counsel on the other side claim that the new goods were sold by the sheriff, and they insist .that the fact appears in the garnishee's evidence. In order to reach either of the conflicting conclusions of the parties, resort must be had to the construction of the garnishee's testimony. We are unable to adopt the conclusion that the garnishee clearly admits that the amount of the new goods was excluded from the sale by the sheriff. Unless it be held that he admitted this to be the fact, the conclusion cannot be reached that he admits indebtedness to defendant. To hold him liable, his answer must contain a clear admission to that effect. *Morse v. Marshall*, 22 Iowa, 290.

It is our opinion that the circuit court rightly discharged the garnishee.

AFFIRMED.