S. W. KERR v. C. W. EDGINGTON, Garnishee, Appellant.

**Garnishment.** A judgment will not be rendered against a garnishee upon his answer where it is left in reasonable doubt whether he is chargeable or not, and his debt or possession of property must be. clear.

*Appeal from Humboldt District Court.*—HON. W. B. QUARTON, Judge.

FRIDAY, MAY 27, 1898.

C. W. EDGINGTON was garnished on execution at the suit of S. H. Kerr against W. H. Kennedy. He gave his answers in court, in which he admitted having received from Kennedy one thousand eight hundred dollars. He stated that the money was handed him by Mrs. Kennedy in the

presence of her husband, to keep until they settled up their bills; that he was to keep the money, and they would use it as they wanted it to pay their bills where they owed them. He stated that Kennedy was owing him, and we understand him to have claimed that he was to take out of the amount what Kennedy was owing him. He stated that Kennedy drew out, on checks and otherwise, five hundred and sixty-nine dollars and sixty cents, leaving a balance of one thousand two hundred and thirty dollars and forty cents of the amount deposited. The items of Kennedy's indebtedness to him are indefinite and confused. He seems to have been without counsel, and his conclusions are not clear, but items are presented aggregating one thousand nine hundred and seventy-five dollars and sixty cents. The district court entered judgment against the garnishee in favor of plaintiff for nine hundred and forty-eight dollars and seventy-five cents and costs, from which the garnishee appeals.—*Reversed.*

*L. E. England* and *P. Finch* for appellant.

*F. H. Helsell* for appellee.

GRANGER, J.—The judgment in this case should not have been entered. The proceeding was the mere taking of the answers of the garnishee. That he intended to deny that he had any money belonging to Kennedy or was indebted to him is clear. Nothing more can be said of the facts than that they leave the conclusion doubtful. There is no way to account for the conclusion of the court below, except to disregard the intention of the garnishee to deny a liability, as it appears from his answers, and, by construing his statements, reach a different conclusion. Such a course is not authorized in such a proceeding. No issue is formed, and, in a sufficient sense, no trial is had. The object of such a proceeding is to see if the garnishee acknowledges a liability in some form, or states facts to clearly authorize such a finding. It is said in *Hibbard v. Everett,* 65 Iowa, 372, in such a proceeding, speaking of a garnishee, that, "to hold him liable,

his answer must contain a clear admission to that effect." In *Morse v. Marshall,* 22 Iowa, 290, where an issue was taken on the answer filed, and the issue was tried upon the answer, the other evidence not conflicting with it, it is said: "In order to charge the garnishee on his answer alone, there must be in it a clear admission of a debt due to, or the possession of money or attachable property of, the defendant." It is also said in that case: "If it be left in reasonable doubt whether he is chargeable or not, he is entitled to judgment in his favor." There are several quite similar holdings in this state, and the rule has general support on authority. In such a proceeding, if the answer does not authorize a judgment, under such a rule, the plaintiff in execution, if not content with a judgment discharging the garnishee, should take issue on his answer, so that a trial can be had, and the rights of parties determined thereunder. The judgment is REVERSED.