GEORGE S. STREETER, Appellant, v. A. M. GLEASON, Defendant, ANDREAS JENSEN, Garnishee, Appellees.

Garnishment: SETTING ASIDE JUDGMENT. The entry of judgment against a garnishee and approval of the record does not deprive the court of power to set the judgment aside and reopen the proceeding on a motion of the garnishee made at the same term.

Same: INSUFFICIENT NOTICE. Where a judgment against a garnishee is entered upon an insufficient notice to the judgment defendant, the same is premature, if not void for want of jurisdiction and should be set aside.

Garnishee: JUDGMENT AGAINST. Judgment on the answer of a garnishee admitting an indebtedness to become due at a future time is unauthorized prior to the time the liability becomes fixed.

Same. Where the garnishee in his first answer admits liability, but in a second, relating to the same debt and same judgment debtor shows that the same is conditional, judgment should not be entered, and if entered will be set aside on motion.

Liability of Garnishee; EVIDENCE OF. To charge a garnishee upon his answer alone, his liability should clearly appear.

*Appeal from Buena Vista District Court.*—HON. A. D. BAILIE, Judge.

TUESDAY, MAY 22, 1903.

THE opinion states the case.—*Affirmed.*

*J. A. Tracy* for appellant.

*W. L. Smith* and *H. F. Schultz* for appellees.

WEAVER, J.—The appellant, having obtained a judgment against the defendant Gleason, caused an execution to issue thereon, under which writ Jensen was garnished February 5, 1901. At the time of such service Jensen signed a written answer to the sheriff to the effect that he was owing the defendant $650, which would be due March 1, 1901. Thereafter, and before any further proceedings were had upon said garnishment, another execution was issued, and on February 19, 1901, Jensen's answers as garnishee were again taken by the sheriff. In this answer the nature of the transaction between Gleason and Jensen was explained as being a contract for the purchase of land from the former by the latter, and that the

sum of $650 was to be paid on the execution and delivery to the garnishee of a deed for the property so purchased, but such deed had not yet been delivered. On February 26, 1901, notice of the first garnishment was served on Gleason in the state of Minnesota, but no return of such service was made until March 11, 1901. On March 8, 1901, the garnishee having made no appearance, plaintiff moved for judgment against him on his first answer, and judgment was so entered for the sum of $407.40 and costs. On April 4, 1901, and during the same term of court, the garnishee appeared and filed a motion, sustained by affidavits, to set aside said judgment, restating the facts set forth in his answers of February 19, 1901, and showing that his contract with Gleason required him to pay only upon the conveyance of the land; that in truth at the time of said garnishment (though then unknown to garnishee), Gleason had conveyed the land to another person, from whom the title must come to the garnishee; and that the indebtedness of $650 became and was due from the garnishee to the holder of said title, and not to Gleason. The garnishee further showed that he was of foreign birth, unable to clearly understand the English language; did not fully comprehend the nature of the papers served upon him; and did not suppose he was required to attend court to protect his rights, or that any judgment could be rendered against him without further opportunity to defend, and only learned otherwise when the sheriff appeared with an execution and levied upon his property. The court sustained the motion to set aside the judgment against the garnishee, and from said ruling the plaintiff at once appealed to this court. Afterward, on further hearing, the court discharged the garnishee, and entered judgment against plaintiff for costs, and from such judgment plaintiff also appeals.

I.   It is argued by appellant that as judgment had been entered against the garnishee and the record had been signed by the judge the trial court had no power or juris-diction to set aside the entry and reopen the proceedings upon garnishee's motion.   The position thus taken is untenable.   The sign-ing and approval of the record does not make the entry a finality.   The court is given express authority by statute to change or expunge any order or ruling at any time dur-ing the term at which it was made.   Code section 243.   It may thus set aside a default or vacate a judgment upon cause shown or if satisfied that a mistake or wrong has been done may make such order upon its own motion. *Chapman v. Allen,* Morris 23; *Brace v. Grady,* 36 Iowa, 352; *Taylor v. Lusk,* 9 Iowa, 444; *Kirby v. Gates,* 71 Iowa, 100; *C. I. & D. R. R. v. Estes,* 71 Iowa, 603; *Wolmer-stadt v. Jacobs,* 61 Iowa, 372.   Appellant's argument, and the authorities cited by him, are based very largely upon the provisions of chapter one, title twenty, of the Code, concerning proceedings to reverse, vacate, and modify judgments.   This chapter has no reference to cases like the one before us, where the application to set aside is made during the term at which the judgment is entered, but applies exclusively to proceedings instituted after the adjournment of such term.   See Code, section 4091. We hold, therefore, the court had authority to enter-tain the motion.

·  II.   The judgment against the garnishee was clearly erroneous, and the court could do no less than sustain the motion to set it aside.   Before any judgment could be rightfully entered, proper notice must have been served on the judgment defendant Gleason.   The only notice served in this case was made in another state, within less than twenty days before the term at which this judgment was taken, and under the law Gleason was not required to appear thereto until the

*Margin notes:*
1.  GARNISH-MENT: set-ting aside judgment.

2.  SAME: insuffi-cient notice.

second term. Code, section 3517, subdivision 3. If not void for want of jurisdiction, the judgment was at least premature, and should have been set aside for that reason alone.

Moreover, on the facts disclosed by the garnishee's answers, the appellant was not entitled to judgment. He could not by garnishment get any higher or better right

3. GARNISHEE: judgment against. than Gleason, the execution defendant, himself at that time possessed. Jensen was under no obligation to pay any one until he received title to the land, and then his obligation was to the person to whom Gleason had transferred it. Appellant could rightfully enforce no claim against Jensen which would expose him to the liability of having to pay his debt twice. *Walters v. Ins. Co.*, 1 Iowa, 404.

It is said, however, that in his first answer Jensen clearly admitted the debt, and that judgment was taken upon such answer alone. We can only say that appellant is not

4. SAME. in a position to claim an advantage from such fact. The second answer had in fact been taken at that time and was presumably a part of the record, for appellant himself sets it out in his abstract, although the bill of exceptions shows that its existence was not known to the trial court when the judgment was rendered. Whether the failure to disclose this second answer to the court was by design or oversight on part of plaintiff it is not necessary to decide for his right in the matter is governed by what the record in fact contained, rather than by such part of it as may have been specially called to the court's attention. The answers were there. They had reference to the same alleged debt owing to the same judgment debtor, and they could not be rightfully ignored. Had he been so advised, appellant could have taken issue upon these answers and required their truth or falsity to be judicially determined, but neither he nor the court could treat them as a nullity and proceed to judgment against

him without a hearing. For this reason, also, the ruling of the trial court upon the motion to vacate the judgment must be approved. What we have here said sufficiently answers the further suggestion of appellant that, even if the entry of the judgment was irregular, there was no showing made in support of the motion that the garnishee had any defense to the claim made against him. It is certainly a good defense that the garnishee is in no manner indebted to the judgment debtor and such was the sum and substance of the showing made.

III. The foregoing discussion renders unncessary any extended consideration of the appeal from the order discharging the garnishee. The liability of the garnishee

5. **LIABILITY of garnishee: evidence of.** cannot be presumed; it must be affirmatively shown. *Letts v. McMaster*, 83 Iowa, 449. To charge him upon his own answer, his liability must clearly appear, and if there be any reasonable doubt of such liability he should be discharged. *Morse v. Marshall*, 22 Iowa, 290; *Hibbard v. Everett*, 65 Iowa, 372. Not only is there an absence of that clear admission of liability which this rule demands, but its existence is clearly negatived. No issue having been taken upon these answers, the garnishee was entitled to his discharge. To the claim made that the garnishee is uniting with Gleason to defeat the collection of appellant's judgment, we can only say that no such issue has been presented.

The judgment of the district court is on both appeals, AFFIRMED.