### Noah L. Bolton, v. D. S. Bailey, Appellant.

Garnishment: LIABILITY OF GARNISHEE: HOW DETERMIMED. Where
a son was garnished on a judgment against the father and
answered that prior to the judgment the father gave him cer-
tain notes, but there was no evidence to show that the father
at that time was insolvent and no issue was joined on the
garnishee's answer, his liability should have been determined
on his answer as given, and evidence as to the father's in-
solvency given in a former proceeding to which the son was
not a party should not have been considered.

*Appeal from Linn District Court.*—Hon. H. M. Remley,
Judge.

Thursday, February 11, 1904.

Upon rehearing former opinion reported in 98 N. W.
Rep. 596 is withdrawn.

The appellant is the garnishee of the principal defend-
ant, S. C. Bailey, against whom the plaintiff obtained a judg-
ment in 1900. The appellant answered as such garnishee,
and, upon his answer alone, judgment was rendered against
him for the amount claimed by the plaintiff. He appeals.
—*Reversed.*

*F. L. Anderson* for appellant.

*Giffen & Voris* for appellee.

Sherwin, J.—The appellant is the son of S. C. Bailey,
and his answer as garnishee showed that in 1896 his father
assigned and transferred to him, as a gift, certain notes, ag-
gregating in amount more than the judgment rendered
against him as garnishee. There was nothing in the appel-
lant's answer tending even remotely to show that at the time

of the transfer of the notes to him his father was insolvent, or without sufficient property remaining in his hands to pay all of his just debts. Before the garnishment proceedings, however, the father had testified in a proceeding supplemental to execution, to which the appellant was not a party, that he had been insolvent for many years, the time of such insolvency involving the time of the transfer of the notes to the appellant; and the appellee contends that the court properly considered this evidence, in addition to the answer of the garnishee, in determining the latter's liability. This proposition, however, we cannot assent to. The appellee tendered no issue on the answer of the garnishee, and it was therefore to be considered as the sole and only test of his liability. *Kerr v. Edgington,* 106 Iowa, 69. And if, from such answer alone, there was doubt as to his liability, he was entitled to a judgment in his favor. *Morse v. Marshall,* 22 Iowa, 292; *Church v. Simpson,* 25 Iowa, 408. It is clearly apparent, then, that he was not bound by the testimony given by his father upon the supplemental hearing, and that the court could not consider such testimony in determining his liability under his answer. Whether the facts disclosed in the answer of a garnishee show that he holds property of the principal debtor to which the creditor is entitled is a question of law arising from the answer alone, and not one of fact created by the consideration of evidence dehors the record. *Sheppard & Co. v. Downing,* 14 Iowa, 597. The appellant's answer went no further than to show that the transfer of the notes to him was a gift, and, while a gift may not be sustained to the detriment of the donor's creditors, it is nevertheless true that it is valid, and will be upheld if the donor retains property sufficient to pay his debts. *Pierson v. Heisey,* 19 Iowa, 114; 14 Amer. & Eng. Enc. of Law (2d Ed.) 1048. The law raises no presumption that the donor was indebted at the time of the gift, nor does it raise any presumption that he was then insolvent, in the absence of any showing that he then had creditors. It was therefore incumbent upon the plaintiff to present such an issue, if he desired to

rely upon it; and if he had done so, and proven that the donor was indebted at that time, it might then have devolved upon the appellant to prove that his father had sufficient property, independent of the notes, to satisfy all creditors.   *Strong v. Lawrence,* 58 Iowa, 55.

As the answer of the appellant did not show any indebtedness on the part of his father at the time of the gift to him, nor that he was then insolvent,the trial court was clearly wrong in rendering judgment against the appellant on such answer, and the judgment is REVERSED.