THOMAS H. SIMMONS, Trustee, Appellant, v. H. C. BEESON et al., Appellees.

**GARNISHMENT:** **Liability of Garnishee—Unknown Ownership of Property.** A garnishee who does not know whether the property held by him belongs to the attachment or execution debtor has a right to deny ownership in such debtor and thereby force the garnishing creditor to prima-facie proof of such ownership. So held where the property held by the garnishee was cash bail.

Headnote 1: 28 C. J. pp. 295 (Anno.), 309.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

JANUARY 12, 1926.

THE clerk of the district court, with whom there had been deposited a certificate of deposit payable to a third person, in lieu of bail for the defendant, was garnished at the suit of a creditor of the defendant's. The answer of the garnishee denying indebtedness to the defendant was controverted. Upon a trial, the court discharged the garnishee, and the plaintiff appeals.—*Affirmed.*

*Trewin, Simmons & Trewin,* for appellant.

*Johnson, Donnelly & Lynch,* for garnishee, appellee.

*David Stansbury* and *Grimm, Wheeler & Elliott,* for Thomas Walsh.

VERMILION, J.—H. C. Beeson was under indictment, and his bail was fixed at $2,500. A certificate of deposit for that amount, payable to E. A. Johnson, was deposited with the clerk of the district court, in lieu of bail. The indictment was later dismissed, and the bail released.

The plaintiff and appellant, the trustee in bankruptcy for the Iowa Bankers Mortgage Company, brought suit against Beeson, aided by attachment, and sought to reach and hold the certificate of deposit as the property of Beeson, by garnishment of the clerk. The answer of the clerk, as garnishee, was controverted by the plaintiff. Upon a hearing, the court, at the close of plaintiff's evidence, sustained a motion to discharge the garnishee. It is from this order that the appeal is taken.

The only evidence presented by the plaintiff, aside from certain records, consisted of the answer of the garnishee and the testimony of the garnishee taken on the hearing. The garnishee appears to have answered to the garnishment both in writing and orally. The written answer was as follows:

"Comes now Harry S. Johnson, clerk of the district court, and for his answer to the claim made by the plaintiff against him as garnishee states: That he has in his possession a cer-

tificate of deposit representing $2,500 which was deposited in the said Merchants National Bank, and is payable to his order. That said certificate of deposit represents cash bail was deposited by one H. C. Beeson in the case of the State of Iowa against H. C. Beeson, which, as this answering garnishee is informed and believes, and so states to be, was first deposited in said Merchants National Bank, and certificate taken therefor in the name of E. A. Johnson, which certificate was indorsed and transferred by E. A. Johnson to P. O. Clark, the immediate predecessor in office of this garnishee, and by said P. O. Clark, as clerk of said court, indorsed and transferred to this garnishee. That this answering garnishee has no knowledge or information as to whether or not said money is the property of H. C. Beeson or not, and therefore denies that said money represented by said certificate is the property of said Beeson, denies that he has in his possession any money or property of said Beeson, and denies that he has ever had, since the serving of the notice of garnishment in this case, any money or property in his possession belonging to said Beeson.''

Testifying on the trial, the garnishee said that he received the certificate from his predecessor in office; that the certificate was made out in the name of E. A. Johnson, and indorsed over to the former clerk, who in turn indorsed it to him; that he did not know, of his own personal knowledge, whether it was Beeson's money or not.

The appearance docket shows, in the case in which the indictment was returned, a cash account in which appears a debit entry ''To H. C. Beeson per E. A. J. 2,500,'' and a credit entry, ''Dep. for H. C. Beeson 2,500.''

It is well settled that money may be furnished by a third person and deposited in lieu of bail, to secure the release of one held in custody, and that, as between the depositor and the defendant or his creditors, the ordinary rules of property obtain. *Wright & Taylor v. Dougherty,* 138 Iowa 195; *Doty v. Braska,* 138 Iowa 396; *Mundell v. Wells,* 181 Cal. 398 (184 Pac. 666); *Way v. Day,* 187 Mass. 476 (73 N. E. 543); *McAlmond v. Bevington,* 23 Wash. 315 (63 Pac. 251).

E. A. Johnson was a member of the firm of attorneys appearing for Beeson. The certificate of deposit was payable to

E. A. Johnson, and on its face, before its indorsement by him, appeared to belong to Johnson. The evidence established only that the certificate payable to Johnson was deposited in lieu of bail for Beeson. No more than this appeared from the answers of the garnishee or from his testimony or from the records in the clerk's office. The entries in the appearance docket did not afford evidence of the defendant's ownership of the certificate, but only that it was deposited by E. A. Johnson in lieu of bail for Beeson. Nor do we think the defendant's ownership is to be presumed, as against the garnishee's denial of such ownership, from the mere fact that the certificate was payable to Johnson, who was defendant's attorney, and was so used.

The garnishee was not asserting title in anyone else, but merely denying Beeson's ownership and demanding proof thereof. As the custodian of a certificate payable to another, under whose indorsement he had held it for a particular purpose, we think he clearly had a right to do this, for his own protection. The effect was not, as counsel argue, to require plaintiff to disprove all possible claims on the part of others, but only to require him to make a prima-facie showing of title in Beeson.

A garnishee who has answered, denying indebtedness to the defendant, is not presumed to be so indebted. His indebtedness to, or possession of property of, the defendant must be affirmatively shown, in order to render him liable. *Smith, Twogood & Co. v. Clarke & Henley,* 9 Iowa 241; *Morse v. Marshall,* 22 Iowa 290; *Letts, Fletcher & Co. v. McMaster & Dryden,* 83 Iowa 449; *Bolton v. Bailey,* 122 Iowa 729; *Bump v. Augustine,* 163 Iowa 307.

We are of the opinion that the plaintiff failed to make a prima-facie case of ownership of the certificate in Beeson, and that the garnishee was properly discharged.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.