OTIS C. DIMICK, Appellee, v. JOSEPH M. MUNSINGER et al.,
Appellants.

**JUDGMENT:** Vacation—Misunderstanding as to Decree. A pardonable
misunderstanding between parties and their attorneys which results
in a consenting by one of the parties to an unintended decree affords
ample grounds for vacating the decree during the term at which it
is entered.

Headnote 1:  34 C. J. pp. 207, 296, 310.

*Appeal from Mills District Court.*—W. C. RATCLIFF, Judge.

DECEMBER 14, 1926.

The defendants appeal from an order setting aside and
canceling a final decree.—*Affirmed.*

*C. E. Dean,* for appellants.

*William E. Shuman, Tinley, Mitchell, Ross & Mitchell,* and
*Cook, Cook & Cook,* for appellee.

MORLING, J.—The decree was vacated at the same term at
which it was rendered, because of mistake or misunderstanding.
The suit was brought in Mills County, to set aside a conveyance
as a fraud upon creditors. Plaintiff and his counsel, Mr. Shuman,
were nonresidents of the state.   They were represented locally
by Mr. Cook.   Mr. Cook depended upon Mr. Shuman to attend
to the getting of evidence and preparing the case for trial.   Com-
munications between plaintiff's counsel were by letter.   Shortly
before the May term, 1925, plaintiff, without the knowledge of
Mr. Cook, had consulted Mr. Tinley, of Pottawattamie County,
who had not previously been employed in the case, and was
advised by Mr. Tinley to dismiss, if no cross-petition had been
filed, and to begin a new action in the Federal court.   In the
correspondence between Mr. Shuman and Mr. Cook, Mr. Cook
got the mistaken impression that plaintiff intended to finally
dismiss and drop the case.   Mr. Cook had been notified by de-
fendant's counsel of intention to ask for affirmative relief, but,

for the reason stated, gave it no attention, and did not discover that an amendment asking that title be quieted in defendant had been filed. When the case was reached for trial, defendant's counsel asked Mr. Cook if he should offer evidence, was told that he need not go to that trouble, handed Mr. Cook decree, asking if he cared to read it, was told that he did not. The decree was then signed, in the presence of Mr. Cook and with his consent. on May 15, 1925. On June 5, 1925, Mr. Cook wrote Mr. Shuman that the case was dismissed and the costs taxed to plaintiff. Meantime, Mr. Tinley was preparing a bill in the Federal court, and in the course of his investigation discovered the entry of the decree of which neither plaintiff, Mr. Shuman, nor Mr. Tinley previously knew, and which he immediately moved to vacate. The motion was sustained at the same term at which the decree was entered. Plaintiff's counsel did not know of the filing of a cross-petition previously to this discovery of the decree.

By Section 10801, Code of 1924, it is provided that the record of the proceedings of the court is under the control of the court, and may be amended or any entry therein expunged at any time during the term. The courts favor the disposition of cases on their merits, and are ever ready to relieve for mistake and misunderstanding when they can do so without violating settled and necessary rules and substantial rights of adversaries. It is very clear that the dismissal was authorized by plaintiff on the assumption that no cross relief was demanded and that the dismissal would be without prejudice to the bringing of a new action. We are of the opinion that, under the circumstances, plaintiff was not at fault in not notifying Mr. Cook of his intention to bring a new action, and that Mr. Cook acted innocently, under misapprehension of his authority and of plaintiff's intention. The court very properly exercised its discretion in vacating the decree. *Streeter v. Gleason,* 120 Iowa 703.

The order is—*Affirmed.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.