PAUL DAVIS DRY GOODS COMPANY, Appellee, v. BARNEY PAUL et al., Appellees; FRANK AMUSEMENT COMPANY, Garnishee, Appellant.

MARCH 6, 1928.

*Pike, Sias, Zimmerman & Frank* and *Glenn B. Beers,* for appellant.

*Clark & Clark*, for Buddy Vos Burgh, appellee.

KINDIG, J.—The Paul Davis Dry Goods Company in the court below became plaintiff in an action wherein appellee Barney Paul (doing business under the trade name and style of Golden Pheasant Cafe) was defendant. That proceeding, brought for the purpose of obtaining judgment for a debt due, was aided by attachment, under which the Frank Amusement Company, an Iowa corporation, appellant, was garnished. Meanwhile, however, Buddy Vos Burgh, as intervener, for himself, and also in behalf of Leonard Erickson, Wesley Reid, Vernon Peterson, and Ruben Harrison, assignors, served notice that he and they owned claims against the principal defendant (Barney Paul) for labor performed within 90 days prior to the date of the garnishment.

Answer of the appellant, as garnishee, was that nothing was due Barney Paul, defendant. Contest here is entirely between the Frank Amusement Company, garnishee and appellant, and the intervener labor claimants, appellees. Interveners denied the truth of the garnishee's "answer." No evidence was introduced except the testimony of Alexander Frank, president of the Frank Amusement Company, garnishee. As related by him, the facts are:

Said Frank Amusement Company is the owner of property known as the Rialto Gardens, in Waterloo; and about December 1, 1925, this Amusement Company entered into a written lease with the defendant Barney Paul, wherein the latter agreed to rent such premises for use as a cafe and dance hall during a period of three months, beginning December 1, 1925, at a rental of $100 per month, payable on the first day of each month, in advance. At the same time, appellant (the Frank Amusement Company) also sold to Barney Paul dishes and silverware used in the cafe, for an agreed sum of $400. Paul entered into possession December 1, 1925. His business did not prosper as expected, and he failed to pay for the dishes and silverware, nor did he meet the rent due either December 1, 1925, or January 1, 1926. So when this $600 was in arrears, the appellant became concerned, and devised the scheme of giving a banquet to its employees at Paul's cafe, with the agreement between it (appellant) and Paul that the cost of the dinner should be applied on

the rentals past due. Accordingly, on January 5, 1926, the festivities took place, resulting in a cost of $175, which item was applied by appellant upon the rental account due it from Paul, as previously agreed between them.

Following this, on January 6th, the cafe was closed, and has never since been opened. Mr. Paul vacated the rented premises and disappeared, without paying the balance due appellant, amounting in all to more than $400, without considering damages for breach of contract.

With these facts before us, a brief review of the legal principles applicable will be helpful at this time.

I. It is fundamental that the liability of the garnishee cannot be presumed; it must be affirmatively shown; and if there is any reasonable doubt as to his accountability, he should be discharged. *Streeter v. Gleason,* 120 Iowa 703; *Hibbard, Spencer, Bartlett & Co. v. Everett,* 65 Iowa 372; *Church v. Simpson,* 25 Iowa 408; *Morse v. Marshall,* 22 Iowa 290; *Simmons v. Beeson,* 201 Iowa 144. *Simmons v. Beeson,* supra, in this regard, uses the following language:

"A garnishee who has answered, denying indebtedness to the defendant, is not presumed to be so indebted. His indebtedness to, or possession of property of, the defendant must be affirmatively shown, in order to render him liable."

II. Equally as well settled is the proposition that the rights of a creditor against a garnishee can rise no higher than those of the principal defendant. Likewise here, Buddy Vos Burgh *et al.* had only such demand against appellant as was owned by Barney Paul, if any, but nothing superior thereto. *Smith Lbr. Co. v. Scott County G. R. & F. Co.,* 149 Iowa 272; *Dickinson v. Davis,* 164 Iowa 449; *Acme H. & M. F. Co. v. Metropolitan Nat. Bank,* 198 Iowa 1337, 1338; *Scurry v. Quaker Oats Co.,* 201 Iowa 1171; *Hamm Brewing Co. v. Flagstad,* 182 Iowa 826; *First Nat. Bank v. Riggle,* 195 Iowa 189. We said in *Scurry v. Quaker Oats Co.,* supra:

"The appellee, of course, acquired no higher or superior right to the proceeds of the corn by virtue of its garnishment than Ostheimer, its debtor, had."

III. After Mr. Frank, testifying for the garnishee, stated, and then reiterated, the understanding with the defendant Paul concerning the "banquet" and the application of the expense

494

thereof as a credit on said previous obligation for the rent, he was then asked:

"Q. You still have a claim against him [Paul] for breach of contract? A. Yes. Of course, we have over $200 coming for the first two months. Q. You have over $200 past-due rent then? A. Yes, $200 past due."

Upon these questions and answers the municipal court based its judgment, allowing interveners, as labor claimants, to recover from the garnishee, Frank Amusement Company, on the theory that the interrogatories and replies just quoted amounted to a contradiction of the previous absolute and unequivocal statements. Thereby the lower court sought out these isolated excerpts from the record, and did not give consideration to the evidence as a whole; for, in addition to what the testifier had formerly sworn to in this regard, he immediately, by way of explanation, followed with this statement:

"The lease was for a period of three months, subject to a renewal if conditions were satisfactory, and Mr. Paul owes me for a month's rent on breach of contract, because he didn't stay three months, plus $25 for the second month."

What Mr. Frank meant was that of the two months' "rent" past due only $175 had been paid, thus leaving a balance thereon of $25, and in addition to this there was something due because the tenant abandoned without fulfilling the third month of the obligation.

Thus, keeping in mind the legal doctrines just announced, and considering them together with the entire record, we are convinced, beyond a peradventure of a doubt, that the Frank Amusement Company, garnishee, was in no way indebted to Barney Paul at the time of the "garnishment," and therefore, this cause having been tried in equity, the judgment and decree of the district court should be, and hereby is, reversed.—*Reversed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.