L. R. WATTERS, Appellant, v. JOHN KNUTSEN et al., Appellees.

No. 43745.

APRIL 6, 1937.

Frazier & Rees, for appellant.

George C. Lawrence, for appellees.

HAMILTON, J.—This litigation arose out of a dispute between the plaintiff, owner of a farm, and the defendants, as tenants occupying the farm under a fifty-fifty arrangement by which each party was to own one-half of the poultry and livestock, and each receive one-half of the proceeds of produce, stock or crops, and extended over a period of two years. Not being able to agree upon a settlement, this suit was started on February 3, 1936, based upon three distinct counts. In count 1, plaintiff alleged that the defendants had sold personal property which was owned jointly and failed to account to plaintiff for his share in the proceeds, and he prayed for an accounting and for an injunction restraining further sale of property and establishment of his landlord's lien. Count 2 was based on a promissory note in the sum of $409.85, given for money advanced by plaintiff, and for purchase price of a one-half interest in certain personal property owned by plaintiff and then upon the premises, in which·

he prayed for judgment on the note and for the establishment of his lien under the contract covering the amount of the note and interest. Count 3 was for money advanced since the execution of the note, with prayer for an accounting and for judgment for whatever amount was found to be due for money so advanced. W. S. Frazier was attorney for plaintiff, and Marvin C. Levsen was attorney for the defendants. They were unable to come to an amicable adjustment of the matters in dispute as to the partnership property involved in counts 1 and 3 of the petition, and defendants' counsel stated that there were some matters of defense which he wished to urge against the note and desired further time to investigate the matter, and the first of March being upon them, the landlord desiring to gain possession of the premises, and the tenant desiring to move and engage in farming operations elsewhere, the attorneys, with the consent of the parties, appeared before the presiding judge, H. C. Ring, and there orally agreed and consented that as to the matters contained in counts 1 and 3, involving an accounting, the court should refer these matters, and that the issue involving the promissory note should be later tried to the court. With this understanding the court, on March 9th, made an order of reference, in which it is stated that "the court having examined the pleadings * * * and being informed by counsel of the matters involved finds that there is involved an accounting * * * that there is a dispute and controversy as to the accounts of plaintiff and defendants * * * that this is a proper case to be referred to a referee for finding of facts." The court appointed Francis Shimanek, a practicing attorney as referee. The attorneys explained to the referee, that only the matters involved in counts 1 and 3 involving an accounting between the parties was to be taken into account by him. The parties appeared before the referee without the aid of counsel, and a hearing was had, but no record was kept.

On March 12, 1936, the referee made his report, containing an itemized account, and after striking a balance there was found to be due the plaintiff the sum of $85.26. A perusal of the items of the report conclusively shows the note and interest were not included in the referee's calculations. It appears that neither side was satisfied with the findings. Defendants procured new or additional counsel in the person of George C. Lawrence. Up to this time no answer had been filed. Mr. Lawrence caused an

answer to be filed on March 14, 1936. After some wrangling between the parties, the court on May 25, 1936 entered judgment on the report for $85.26. At this time His Honor, John T. Moffit, was the presiding judge and had no personal knowledge of the matters above referred to, and apparently the new counsel for defendants, no doubt acting on instructions from his clients, refused to recognize or abide by the previous oral understanding and agreements had with former counsel, and elected to stand upon the record as made, and apparently insisted that the judgment of the court settle the entire controversy, including count 2 involving the promissory note. Plaintiff promptly, to wit: on May 27, 1936, two days after the judgment was entered, and at the same term of court, filed a motion in which he set up the agreement and understanding which had been entered into at the time of the reference, and asked the court to modify and correct his entry and judgment so as to show that the referee's findings pertained only to counts 1 and 3 of plaintiff's petition. No resistance was filed to this motion, but defendants' counsel, before the introduction of any testimony, dictated into the record an objection to the introduction of any testimony as to what matters were referred to the referee, or as to any oral agreements or understanding of the respective parties, or their counsel as to what should be considered by the referee or what not considered by the referee, or tending in any wise to impeach or change or alter the reference, or tending in any way to explain or change or alter the report of the referee, as wholly irrelevant, incompetent and immaterial and without warrant in law, and not in accordance with the procedure of the courts of the State of Iowa. The plaintiff placed upon the witness stand his own attorney, Mr. Frazier, the defendants' former counsel, Mr. Levsen, and the referee to whom the matters were referred, all of whom testified unequivocally to the matters above set forth. The referee expressly and positively stated that he understood from the attorneys that he was only to make an accounting and finding of fact with reference to the matters contained in counts one and three, and that count 2, involving the promissory note was not to be taken into account at all, and that he did not include the matters contained in count 2 in his calculations, and his testimony in this regard is borne out by the report itself. These facts are in no way contradicted. Appellees make no claim that the promissory note was in fact included in the calculations of the referee. It

also appears in the record that in order to permit the tenants to move off the premises and the landlord to gain possession thereof, pending the final determination over these disputed matters, certain money that was then in the hands of Mr. Lawrence as attorney for defendants was to be retained by him until final determination of the matters in dispute, and also until the final determination of the controversy involving the promissory note, and that he still has this money.

Under this state of the record we are unable to understand upon what theory the eminent trial court refused to modify or set aside this judgment and permit a hearing upon count 2 of the petition. It must be conceded, of course, that the record of the procedure in referring the matter was irregular, indefinite and not in accordance with statutory provisions. This omission of formal compliance with all the legal requirements is referable to the amicable understanding and agreement that existed between the original attorneys for the respective parties. This explains why no formal written objections were filed to the report of the referee, why all these matters of agreement were not carefully made of record. The parties understood among themselves that this report did not include the note sued upon under count 2 of the petition, no doubt regarding their spoken, oral agreement as binding, as if made in writing and entered of record. No mention of this agreement is found in the record. The order of reference does not specifically limit the matter in accordance with the agreement, but when these matters were all presented to the trial court at the same term at which the judgment was entered, he should have promptly sustained the motion. Parties should not be permitted to thus flout their solemn agreements made in the presence of the court, and about which there was no dispute. Ordinarily, motions of this kind are supported merely by affidavits, and when a clear mistake of fact, due to misunderstanding honestly made, is presented to the court at the same term at which the entry is made, both statutory authority (section 10801, Code of 1935) and inherent power is vested in the court to change, modify, or even expunge the record. Streeter v. Gleason, 120 Iowa 703, 95 N. W. 242; Dimick v. Munsinger, 202 Iowa 784, 211 N. W. 404; Todhunter v. De Graff, 164 Iowa 567, at page 574, 146 N. W. 66.

The contention of appellee that this matter can only be presented by motion for new trial or under the provisions of chapter

552 of the Code is untenable. Chapter 552 has reference to proceedings instituted after the term at which judgment is entered.

In the interest of justice and fair play and a proper regard for the plighted word of counsel and in the exercise of proper judicial discretion vested in him, the trial court should have granted the motion. The order of the court in overruling the motion is reversed and the cause remanded with instructions to enter an order not inconsistent with this opinion.—Reversed and remanded.

RICHARDS, C. J., and all Justices concur.