W. A. ROHLF, Plaintiff; LOTTIE P. ROHLF, Appellant, v. HERMAN STRUCKMEYER, Defendant; ERWIN J. WENTE, Executor, Appellee.

No. 46848.

JULY 29, 1946.

REHEARING DENIED SEPTEMBER 23, 1946.

R. Eldon Laird, of Waverly, for appellant.

H. H. Uhlenhopp, of Hampton, and R. J. Sullivan, of New Hampton, for appellee.

MULRONEY, J.—Lottie P. Rohlf owned a judgment against Herman Struckmeyer. She garnished the claim of Herman Struckmeyer against F. C. Weidemann. This claim was the subject of a suit between Herman Struckmeyer and Weidemann and at the time of the garnishment Weidemann had died and his executor, Erwin J. Wente, had been substituted as defendant. The garnishee-executor appeared and answered oral interrogatories propounded to him by the judgment creditor's attorney. His answers were to the effect that after the garnishment the Herman Struckmeyer suit had been settled. He stated that the settlement occurred on May 18, 1943, after the trial of the case had proceeded several days, and that the settlement was made by "order of the court." He testified that under the terms of the settlement he agreed to pay $250 to Herman Struckmeyer, less some witness fees, and he agreed to pay $100 to Mr. Hahle and $100 to Mr. Sullivan as Herman Struckmeyer's attorneys and the claim of Will Struckmeyer, a brother of Herman's, in the sum of $300. The

claim of Will Struckmeyer was filed in the Weidemann estate the day of the settlement, or May 18, 1943.

The judgment creditor traversed the answer of the garnishee by what is termed a reply, wherein she alleged that the payments to Hahle, Sullivan, and Will Struckmeyer contained in the settlement agreement were "integral parts of the sum of $750 to be paid by the garnishee" in settlement of the Herman Struckmeyer suit and such payments "were in truth and in fact falsely, fraudulently and collusively made for and on behalf of the defendant, Herman Struckmeyer, subsequent to the service of the Notice of Garnishment * * * [and] the garnishee herein was in truth and in fact at the time of the service of the Garnishment Notice upon him * * * indebted to the defendant * * * in the sum of Seven Hundred Fifty Dollars ($750.00).''

To this reply the garnishee filed what is termed a response, wherein he denied that the payments to the attorneys and Will were fraudulently made and wherein he alleged the settlement was made pursuant to a written stipulation signed by the attorneys and an order of court approving same and this "constitutes a full, complete and final adjudication of the * * * question of the amount for which this garnishee as such executor became and was thereafter indebted to the said Herman Struckmeyer." This response also alleged that the $250 payable to Herman under the settlement agreement had been captured by a prior garnishment and the garnishee had under this prior garnishment also paid an additional $200.

The judgment creditor filed a reply to the last pleading reiterating the charges of fraud but admitting the payments under the prior garnishment of the $250 due Herman under the settlement agreement and the additional $200 and specifically admitting "that the garnishee herein is entitled to credit for the sum of $450 paid * * * under the prior garnishment * * * upon the $750 due the defendant Herman Struckmeyer." Thus it will be seen that the issue between the parties was narrowed down to the payment of Will Struckmeyer's claim of $300; the judgment creditor contending the claim was not a just, legal, and bona fide claim against the estate and the payment to Will was fraudulently made to avoid the force

of the garnishment and the garnishee contending that the claim was filed in good faith, allowed by the court in the sum of $300 and "as such executor he was acting in good faith and that he was authorized and directed by the said Order and Judgment to pay the said claim in the sum of $300." There is no issue left in the case with respect to the payment to the attorneys being in fact payments to Herman in settlement of his claim. If they were payments to Herman, then there was $450 available for garnishment. Since the prior garnishment took this sum the issue in this case is as to the payment to Will. The parties seem to recognize this single issue in their briefs and arguments.

Upon the issue thus tendered the judgment creditor introduced testimony. The clerk of the district court of Bremer county testified concerning the records in his office in the case of Herman Struckmeyer v. Erwin J. Wente, executor of the estate of F. C. Weidemann, deceased, and the records in the estate proceedings also pending in the probate court in that county. The abstracted portions of the records contained in the printed record filed with this appeal show the petition of Herman Struckmeyer claiming $4,440 from Weidemann for "certain services" that he performed for the defendant between February 1, 1934, and March 1, 1940, and the amendment to the petition reducing the claim to $3,916 because "he did not perform services for F. C. Weidemann during 242 days of the period referred to in the Petition." The records in the above case also show a stipulation signed by the attorneys settling the case "subject to the order and approval of the court" wherein plaintiff (Herman Struckmeyer) was to be allowed a $250 claim against the estate of F. C. Weidemann, less certain witness fees, and the executor was to pay this claim as a claim of the third class in "full settlement of this action and all other claims which the plaintiff [Herman Struckmeyer] has or may claim to have against the estate of said decedent" and this stipulation contained the further provision that the executor should pay Herman's attorneys, Hahle and Sullivan, $200. The records in this case further show the order of Judge Kepler approving the written stipulation and

ordering the payments to Herman and the attorneys as therein provided. This order contains the further provision allowing a claim of Will Struckmeyer in said estate in the sum of $300 as a claim of the third class. The estate proceedings show Will's claim was filed in the estate on the same date as the court order above referred to and the claim shows it was for $484 for "services rendered decedent" for a total of 242 days during 1939 and 1940. The claim bears the endorsed allowance by the executor, E. J. Wente, in the amount of $300 "subject to approval of Court."

A transcript of a portion of Will Struckmeyer's testimony given in his brother's trial was introduced. This transcript shows that Will, when a witness in his brother's action, testified that he did not claim an interest in his brother's claim; that he did not "hire out for Weidemann"; that he did not expect anything; that he "never asked anything"; that on one occasion he told Weidemann he did not want anything for his labor; and that he did not file any claim. The judgment creditor also introduced the answers of the garnishee given at a prior hearing on the prior garnishment, wherein the executor-garnishee, in answer to certain interrogatories then propounded to him, stated that the payment of Will's claim of $300 was made on the day of the settlement of Herman's case; that the amount of the settlement of Herman's case was $750; and that the filing and payment of Will's claim was all part of the same deal and agreement of settlement of Herman's claim and suit.

The judgment creditor called Judge Kepler as a witness and he testified that he was the trial judge in the case of Herman Struckmeyer v. Wente, executor; that the settlement of this case, which occurred after a few days of trial before him, was made in the library while he was present and with practically all the attorneys and parties present; that "the parties all agreed to the allowance of $250 to Herman Struckmeyer and that was prior to any talk of any allowance to Will Struckmeyer." He testified that the negotiations with respect to Will's claim occurred after the agreement of settlement of Herman's suit when Attorney Sullivan asked, "Well what about the Will Struckmeyer claim?" and someone re-

plied, "He has not filed a claim," and after a little discussion he (Judge Kepler) said, "It looks to me that he was probably there more than Herman." Judge Kepler stated that it was developed in the testimony before him that Herman was in jail part of the time and Will stayed with Weidemann and took care of him while Herman was in jail. Judge Kepler stated that he "rather forced that settlement" and the order of approval was made by him partly in reliance upon the statements of attorneys and partly on the evidence he had heard. He stated that upon cross-examination Will had testified that he was a party to the contract that Herman claimed he had with Weidemann; that he had performed services for Weidemann for several months. Judge Kepler further stated that in the negotiations with respect to Will's claim it was his recollection that he "told them that he [Will] ought to have $300" and in entering the order for the allowance of Will's claim he considered Will had a claim of $300 against the estate.

At the conclusion of the judgment creditor's testimony the trial court sustained the garnishee's motion to dismiss, holding that there was a lack of evidence on the part of the judgment holder to show fraud, deception, or collusion with reference to the payment of Will's claim; that Judge Kepler, in approving the settlement and in ordering the payment of Will's claim, was possessed of as much or more information and knowledge with respect thereto as Wente; that Wente as executor acted in good faith; and that the sum awarded to Will was for services rendered by him personally to the decedent.

■ I. Upon this appeal, challenging the ruling of the trial court, the judgment creditor argues that the record presents a prima facie case of fraud and the burden was on the garnishee to establish the good faith of the settlement. With this contention we cannot agree. In garnishment proceedings the issue, if any, between the judgment creditor and the garnishee is presented by the garnishee's answer and the judgment creditor's pleading controverting the same. Section 642.11, Code, 1946 (section 12168, Code of 1939). The garnishment

here was upon an unliquidated claim. The claim was settled before the garnishee answered so it was a liquidated claim at that time. The garnishee's answer admittedly acknowledged a debt of $250 less some witness fees. For the purpose of this case we can consider the $200 paid to Herman's attorneys as a payment to Herman in settlement of his claim. So the most that can be said for the garnishee's answer is that it is an admission that Herman's claim was worth $450. This sum was all taken by a prior garnishment with which we are not concerned. The judgment creditor's pleading controverting the garnishee's answer alleged that at the time of the garnishment the garnishee actually owed Herman $750. Thus the issue at all times between the parties was as to the amount the garnishee owed Herman at the time of the garnishment. The garnishee says it was not more than $450. The judgment creditor says it was $750. The burden was on the judgment creditor to establish that it was $750. It was permissible for the judgment creditor to show this in any legal way he could. He could, of course, show that it was $750 by showing that Herman's claim was settled by an agreement for payment by garnishee to Herman of $750. He needed no special pleading of fraud in order to show that payments in settlement of the claim made to third persons were actually payments to Herman. But if he relies on the settlement made to show the amount of the indebtedness of garnishee he had the burden of showing that garnishee paid or agreed to pay Herman $750 in settlement of the claim. In Paul Davis Dry Goods Co. v. Paul, 205 Iowa 491, 493, 218 N. W. 276, 277, we stated:

"It is fundamental that the liability of the garnishee cannot be presumed; it must be affirmatively shown; and if there is any reasonable doubt as to his accountability, he should be discharged. Streeter v. Gleason, 120 Iowa 703; Hibbard, Spencer, Bartlett & Co. v. Everett, 65 Iowa 372; Church v. Simpson, 25 Iowa 408; Morse v. Marshall, 22 Iowa 290; Simmons v. Beeson, 201 Iowa 144. Simmons v. Beeson, supra, in this regard uses the following language:

" 'A garnishee who has answered, denying indebtedness to the defendant, is not presumed to be so indebted. His in-

debtedness to, or possession of property of, the defendant must be affirmatively shown, in order to render him liable.' ''.

For a case much in point, see Rainey v. Eaton Co-op. Creamery, 69 Ga. App. 547, 550, 26 S. E. 2d 297, 300. Here the owner of a judgment against J. E. Little garnished a creamery. The garnishee answered that it was not indebted to J. E. Little. The judgment creditor denied the answer. The evidence showed a number of payments by the creamery to Mrs. J. E. Little and the judgment creditor tendered an amendment to his answer setting up that the judgment debtor's wife was fraudulently avoiding the garnishment by claiming the indebtedness of the creamery was due her instead of the husband. The amendment was not allowed for the reason that it also sought to make Mrs. Little a party, but, with respect to the fraud allegations and the necessity therefor, the opinion states:

"The foundation of the suit here, without which it would not be maintainable, is not fraud. The gist of the garnishment suit is that the garnishee owes the defendant (and that the indebtedness is subject to the garnishment). And the simple direct statement in the answer of the garnishee, that he owed the defendant nothing, and the simple direct statement by the plaintiff in his traverse that he denies such answer, is narrowing the whole field of controversy until there is evolved a single point, affirmed by one side and denied by the other, called the issue, upon which the parties are to go to trial. It is permissible under such pleadings, without any further or special pleadings, for the plaintiff, under his general denial, to show in any legal way he can that the garnishee owes the defendant, and that such indebtedness is subject to his garnishment * * *.

"We do not think it necessary to have special pleading in order to show fraud, if the fraud was merely for the purpose of covering up the indebtedness of the garnishee to defendant."

In Winchell v. Clayton, 133 N. J. Law 168, 43 A. 2d 267, 268, where a garnishment was made on a bank account of an

executrix under an execution on a judgment against her as an individual, the court stated:

"The burden rests upon plaintiff to prove that the moneys thus deposited are the individual property of the judgment debtor, and therefore applicable to the satisfaction of· the judgment * * * ."

In Mississippi Valley Tr. Co. v. Francis, Mo. App., 186 S. W. 2d 39, 40, the garnishee, employer of the judgment debtor, answered and testified that his employee's salary paid after the garnishment was applied on an indebtedness of the employee to him. Since he was the judgment creditor's witness the court held he was bound thereby and reversed a judgment against the garnishee, stating:

"The foundational pleading on which the cause of action against appellants rests is the respondent's [plaintiff and judgment creditor] denial of garnishees' answer. * * * The facts were all testified to by appellant Ruth [employer], who was respondent's witness * * * Plaintiff, therefore, is bound by said testimony * * * . The burden of proof was upon the plaintiff to show that the garnishees were indebted to the defendant, either at the time the writ was served, or at some time thereafter before the return date of the writ."

In Ancateau v. Commercial Cas. Ins. Co., 318 Ill. App. ·553, 48 N. E. 2d 440, it was held that the plaintiff has the burden of proving what the garnishee declined to admit in answers to interrogatories and the burden of disproving garnishee's answers denying all indebtedness at the date. of the service of the writ. See, also, Gladden v. Columbiana Sav. Bk., 29 Ala. App. 97, 193 So. 185; Borowsky v. Wieboldt, 301 Ill. App. 601, 22 N. E. 2d 863; Home Finance Serv. Co. v. Treadaway, La. App., 185 So. 700.

The gist of the action in garnishment is the debt owed by the garnishee to the judgment debtor. Evidence of a settlement agreement or evidence of a payment made by the garnishee to the judgment debtor is merely evidence of the existence of that debt. It may be overcome, as in Victor v. Hartford Fire Ins. Co., 33 Iowa 210, 215, where an insurance com-

pany, after being garnished by the assured's creditor, paid the assured $87.50 for a void policy of fire insurance. There we stated:

"The company, not being legally or equitably liable or indebted to Smedley [assured], could not be made liable to the plaintiff; its liability to the insured is the measure of its liability to the plaintiff. The fact that the company afterward voluntarily paid Smedley any sum could not make it liable to again pay the like sum to this plaintiff. Nor would the further fact that the company paid such sum to avoid a possible liability to him, subject it to make payment a second time if no such liability to him existed either in law or equity."

■ The judgment creditor is never relieved of his burden to prove the debt owed by the garnishee to the judgment debtor when the garnishee has answered to the effect that he is not indebted to the judgment debtor. So, too, the judgment creditor is never relieved of his burden to prove that the amount of the debt exceeds the amount admitted in the garnishee's answer.

■ If the debt is a matter of dispute between the garnishee and the judgment debtor and the judgment creditor seeks to prove the debt and the amount thereof by introducing the settlement agreement of this disputed claim, then he is bound thereby and his garnishment takes the amount garnishee agrees to pay the judgment debtor. Under the issues here the judgment creditor had the burden of proving the settlement agreement was actually an agreement to pay Herman $750. This means she had the burden of proving the agreement to pay Will's claim of $300 was merely a roundabout way of paying Herman; that actually the settlement agreement was an agreement to pay Herman this $300. The testimony introduced by the judgment creditor falls far short of sustaining his burden. In fact, it affirmatively shows that the agreement to pay Will's claim of $300 was not an agreement to pay Herman anything. It is not enough that the agreement to pay this claim of Will's was part of the settlement of Herman's case. Nor would it make any difference if in the settlement negotiations Herman agreed to settle his claim if the gar-

,1018

nishee would also agree to settle his brother Will's claim. If his brother Will had a bona fide claim, Herman could coerce the settlement with Will but only the amount that was to be paid to Herman in settlement of his claim would be subject to garnishment. The judgment creditor's own witness, Judge Kepler, who ordered the payment made to Will, testified it was for services Will performed for Weidemann. The filed claim which she introduced shows it was for services for Weidemann for the two hundred forty-two days not covered in Herman's claim. True, there was evidence of Will's testimony given in his brother's trial to the effect that he did not expect anything and did not want anything and was not claiming anything, but there is no testimony that he did not perform the services for Weidemann which is the basis of the claim he later filed, and no testimony to the effect that it was not a just claim against the estate, and no evidence which tended to prove that the parties to the settlement agreement considered that the ultimate recipient of this $300 payment was to be Herman. The statements of Wente in another proceeding to the effect that the payment of Will's claim was a part of the same transaction that settled Herman's suit raises no inference that it was part of a fraudulent scheme to pay Herman by paying a spurious and fictitious claim to his brother. While the two claims were the subject of one court order of allowance, the Will Struckmeyer claim was not mentioned in the stipulation that settled Herman's suit. Moreover, the fragment of evidence as to Will's testimony in his brother's suit is somewhat amplified by Judge Kepler's testimony to the effect that Will also testified he was actually a party to Herman's contract for services and he did personally perform services for Weidemann for several months.

Under the whole record we are convinced the judgment creditor failed to sustain her burden of showing that garnishee actually owed $750 to Herman at the time of the garnishment; that the evidence failed to show that the payment of Will's claim was in furtherance of a fraudulent scheme to pay Herman a part of his claim by paying his brother Will; that the trial court was right in dismissing the cause of action.

II. The judgment creditor complains of error in the

trial court's refusal to admit certain portions of the estate records showing the application by the estate attorneys for attorneys' fees. In this application they stated they had "successfully resisted said claim [Herman's suit] so that only $750 was paid thereon by the Estate." The ruling of the trial court was right. The application was not a statement made in behalf of the estate. Such a statement could hardly be called an admission against interest by the garnishee. In any event, it would only be cumulative for there was testimony that the garnishee-executor made like statements to the effect that Herman's claim was settled for $750. But such a statement has little or no weight in. the balance scales of evidence as an admission against interest, when followed by direct evidence, introduced by the judgment creditor, of the actual settlement for· less than. $750 : evidence explaining that, though the estate paid out $750 at the time of the settlement with Herman, $300 of this amount was paid to another claimant.

For the reasons stated, the judgment is affirmed.—Affirmed.

All JUSTICES concur.